**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BAYOU CITY WATERKEEPER** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:18-cv-03369** |
| | § | |
| **CITY OF HOUSTON** | § | |
| **Defendant** | § | |

# DEFENDANT CITY OF HOUSTON'S
# MOTION TO DISMISS UNDER RULE 12(b)(1) AND RULE 12(b)(6)

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant City of Houston (the "City") files this Motion to Dismiss Plaintiff Bayou City Waterkeeper's ("BCW") claims for (1) lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and (2) failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

In support of said motion, the City would respectfully show unto this Court as follows:

TABLE OF CONTENTS

I. Statement of Nature and Stage of the Proceeding ...................................................... 1

II. Statement of Issues.................................................................................................... 1

III. Standard of Review................................................................................................... 1

IV. Clean Water Act Citizen Suits................................................................................. 2

V. Background ................................................................................................................ 3

      A.     The City has been negotiating with the United States regarding its sewer system for several years. ................................................................ 3

      B.     After Hurricane Harvey, negotiations were put on hold so that the City could respond to the disaster. .............................................................. 4

      C.     BCW sent its 60-day notice letter stating that it intended to file suit under the Clean Water Act's citizen-suit provision if the United States did not file suit. ........................................................................................ 5

      D.     The United States filed suit against the City regarding the same alleged violations within the 60-day notice period .............................................. 5

      E.     BCW filed suit against the City regarding the same alleged violations at issue in United States' Lawsuit. ..................................................... 5

      F.     BCW has filed a motion to intervene in the United States' Lawsuit. ................... 6

      G.     Judge Werlein has stayed the United States' Lawsuit so that the parties can continue settlement negotiations.......................................................... 7

VI. Summary of Argument ............................................................................................. 9

VII. Argument................................................................................................................. 9

      A.     This Court should dismiss BCW's claims because they are statutorily barred because the United States filed suit against the City regarding the same alleged violations the day before BCW filed suit, and BCW's pleadings do not support its claim that the United States is not diligently prosecuting that lawsuit. ............ 9

      B.     This Court should not allow BCW to replead because any claim that the United States is not diligently prosecuting its lawsuit against the City would be futile. ............................................................................................... 11

VIII. Conclusion ............................................................................................................ 13

TABLE OF AUTHORITIES

*Cases*

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)..................................................................................... 2, 11

*Beavers v. Metro. Life Ins. Co.,*
  566 F.3d 436 (5th Cir. 2009) ............................................................................ 11

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007)..................................................................................... 2, 11

*Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC,*
  794 F. Supp. 2d 602 (D. Md. 2011) .............................................................. 11, 12

*Foman v. Davis,*
  371 U.S. 178 (1962).......................................................................................... 11

*Gwaltney of Smithfield v. Chesapeake Bay Found.,*
  484 U.S. 49 (1987)............................................................................................ 11

*Hudson Riverkeeper Fund, Inc. v. Harbor at Hastings Associates,*
  917 F. Supp. 251 (S.D.N.Y. 1996) ................................................................... 12

*In re Katrina Canal Breaches Litig.,*
  495 F.3d 191 (5th Cir. 2007) .............................................................................. 2

*Karr v. Hefner,*
  475 F.3d 1192 (10th Cir. 2007) ......................................................................... 12

*Lane v. Halliburton,*
  529 F.3d 548 (5th Cir. 2008) .............................................................................. 2

*Louisiana Envtl. Action Network v. City of Baton Rouge,*
  677 F.3d 737 (5th Cir. 2012) .............................................................................. 9

*Lovelace v. Software Spectrum Inc.,*
  78 F.3d 1015 (5th Cir. 1996) .............................................................................. 4

*Molin v. Fremont Inv. & Loan,*
  No. H-13-2394, 2013 WL 6732043 (S.D. Tex. Dec. 19, 2013) ............................. 11

*Norris v. Hearst Tr.,*
  500 F.3d 454 (5th Cir. 2007) .............................................................................. 3

*Scanlan v. Texas A&M Univ.,*
  343 F.3d 533 (5th Cir. 2003) .............................................................................. 2

*Scheuer v. Rhodes*,
  416 U.S. 232 (1974) ............................................................................................. 2

*Sierra Club v. Energy Future Holdings, Corp.*,
  5:10-CV-156-MHS-CMC, 2013 WL 5354414n.5 (E.D. Tex. Sept. 24, 2013) ......................... 9

**Statutes**

33 U.S.C. § 1365 ................................................................................................ 1, 3

33 U.S.C. § 1365(b)(1)(A) ........................................................................................ 3

33 U.S.C. § 1365(b)(1)(B) .................................................................................. 1, 3, 10

**Rules**

FED. R. CIV. P. 12(b)(1) .................................................................................. i, 1, 9, 13

FED. R. CIV. P. 12(b)(6) .............................................................................. i, 2, 3, 9, 13

FED. R. CIV. P. 4(d)(3) ......................................................................................... 1

FED. R. EVID. 201(f) ............................................................................................ 4

BCW has filed a citizen suit under the federal Clean Water Act seeking civil penalties and injunctive relief regarding the City's sewer system.[1]  BCW's citizen suit is statutorily barred because it was filed after the United States had already sued the City for those same alleged violations.[2]  This Court, therefore, should dismiss BCW's claims.

## I. Statement of Nature and Stage of the Proceeding

This is a citizen suit under the federal Clean Water Act.[3]  BCW filed suit on September 21, 2018.[4]  The City signed a waiver of service, making its response to the complaint due on November 20, 2018.[5]

## II. Statement of Issues

The Clean Water Act citizen-suit provision does not allow a citizen suit to be filed if the United States or a state has filed suit regarding the same alleged violations and is diligently prosecuting the suit.[6]  The United States filed suit against the City for the same alleged violations the day before BCW filed suit.[7]  BCW has made conclusory allegations that the United States is not diligently prosecuting the lawsuit it just filed.  This Court should dismiss BCW's lawsuit.

## III. Standard of Review

When deciding a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), this Court accepts all well-pleaded facts as true and views those

---

[1] Doc. 1.

[2] 33 U.S.C. § 1365(b)(1)(B); *United States v. City of Houston*, No. 4:18-CV-3368 (S.D. Tex.) ("United States' Lawsuit") at Doc. 1.

[3] Doc. 1 at ¶ 1; 33 U.S.C. § 1365.

[4] Doc. 1.

[5] Doc. 3; Fed. R. Civ. P. 4(d)(3).

[6] 33 U.S.C. § 1365(b)(1)(B) ("No action may be commenced … (B) if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States").

[7] United States' Lawsuit at Doc. 1.  The State of Texas joined the United States' Lawsuit as a plaintiff.  *Id.*

facts in the light most favorable to the plaintiffs.[8]   This Court's rulings on the motion to dismiss

for lack of subject-matter jurisdiction are reviewed de novo.[9]

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of an action for "failure to

state a claim upon which relief can be granted."[10]   "To survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"[11]   A claim is said to be plausible if the complaint contains "factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

Plausibility will not be found where the claim alleged in the complaint is based solely on legal

conclusions or a "formulaic recitation of the elements of a cause of action."[13]   Nor will plausibility

be found where the complaint "pleads facts that are merely consistent with a defendant's liability"

or where the complaint is made up of "naked assertions devoid of further factual enhancement."[14]

In considering a Rule 12(b)(6) motion to dismiss, all well-pleaded facts are to be taken as true, and

viewed in the light most favorable to the plaintiff.[15]   This Court's rulings on the motion to dismiss

under Rule 12(b)(6) are reviewed de novo.[16]

### IV. Clean Water Act Citizen Suits

The Clean Water Act allows citizens to bring citizen suits for alleged violations of the

---

[8] *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[9] *Lane*, 529 F.3d at 557.

[10] FED. R. CIV. P. 12(b)(6).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[12] *Iqbal*, 556 U.S. at 678.

[13] *Twombly*, 550 U.S. at 555.

[14] *Iqbal*, 556 U.S. at 678.

[15] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

[16] *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

statute.[17]  But the Clean Water Act contains strict limitations on citizen suits.

Before a person can bring a citizen suit, he must give notice of the alleged violation to the United States, the state where the violation occurred, and the alleged violator.[18]  The person cannot bring a citizen suit until 60 days after he gave the required notice.[19]  In addition, the person cannot file suit if—by the end of the 60-day notice period—the United States or the state has filed and is "diligently prosecuting" a lawsuit regarding the violations alleged in its notice letter.[20]  That is what happened in this case—the day before the 60-day notice period ran, the United States filed suit against the City for the same violations that are at issue in BCW's complaint.[21]  Therefore, BCW's complaint must be dismissed.  BCW has already filed a motion to intervene in the United States' Lawsuit against the City, making this lawsuit unnecessary even if it were permissible.[22]

## V. Background

This case involves the City's sewer system.  Specifically, this case involves alleged sanitary sewer overflows, which are known as "SSOs."[23]  BCW alleges that the City's sewer system has had unauthorized discharges in violation of the Clean Water Act.[24]

**A.   The City has been negotiating with the United States regarding its sewer system for several years.**

The City operates one of the largest sewer systems in the United States.[25]  Because of the

---

[17] 33 U.S.C. § 1365.

[18] 33 U.S.C. § 1365(b)(1)(A).

[19] *Id.*

[20] 33 U.S.C. § 1365(b)(1)(B).

[21] Doc 1; United States' Lawsuit Doc. 1.

[22] United States' Lawsuit Doc. 12.

[23] Doc. 1 at ¶ 1.

[24] Doc. 1.

[25] United States' Lawsuit Doc. 2 at 2.  When reviewing motions to dismiss under Rule 12(b), this Court can take judicial notice of matters of public record, including court filings.  *Norris v. Hearst Tr.*, 500 F.3d 454, 461 (5th Cir. 2007) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record"); *Lovelace*

size of the City, as well as the City's geography—specifically, its flat surface and numerous bayous—its sewer issues are extremely complicated.[26]

The United States Department of Justice, the United States Environmental Protection Agency, the Attorney General of the State of Texas, and the Texas Commission on Environmental Quality have been engaged in settlement discussions with the City for several years in an effort to address alleged violations of the Clean Water Act and the Texas Water Code regarding the City's sewer system.[27]  Because of the complex and highly technical nature of the City's sewer system, the discussions stretched over several years.[28]  The City, United States Department of Justice, the United States Environmental Protection Agency, the Attorney General of the State of Texas, and the Texas Commission on Environmental Quality have worked together in an effort to formulate a plan to resolve the issues identified in the United States Lawsuit that accounts for the local, state, and federal interests.

**B.     After Hurricane Harvey, negotiations were put on hold so that the City could respond to the disaster.**

Before Hurricane Harvey hit in August 2017, the United States and the City were making significant progress toward a final agreement.[29]  But due to the devastating impact of Hurricane Harvey on the City, they agreed to suspend settlement negotiations to allow the City's leadership to focus attention on the health and safety of its citizens and the damage caused by Hurricane

---

*v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996) ("Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint.  However, courts may also consider matters of which they may take judicial notice."); FED. R. EVID. 201(f) ("Judicial notice may be taken at any stage of the proceeding.").

[26] *See*, *e.g.*, United States' Lawsuit Doc. 2 at 2.

[27] *Id.*

[28] *Id.* ("These discussion have stretched over several years because Houston operates one of the largest sewer systems in the Nation and the issues subject to the discussions are complex and highly technical.").

[29] *Id.*

Harvey.[30]

Before the United States filed suit, the parties resumed negotiations and have continued to make good progress toward an agreement.[31]

**C.      BCW sent its 60-day notice letter stating that it intended to file suit under the Clean Water Act's citizen-suit provision if the United States did not file suit.**

On July 23, 2018, BCW sent a letter to the City's mayor giving notice of the alleged violations and its intent to file suit after 60 days.[32]  Because BCW sent its notice letter on July 23, 2018, the first day that it could file its citizen suit was 60 days later, which was September 21, 2018.[33]

**D.      The United States filed suit against the City regarding the same alleged violations within the 60-day notice period.**

On September 20, 2018, the United States sued the City under the Clean Water Act for alleged violations related to the City's sewer system (the "United States' Lawsuit").[34]  The United States' Lawsuit involves the same alleged violations as BCW's notice letter and this lawsuit.[35]

The United States' Lawsuit is pending before Judge Werlein.[36]

**E.      BCW filed suit against the City regarding the same alleged violations at issue in United States' Lawsuit.**

On September 21, 2018—the day after the United States sued the City—BCW sued the City for the alleged violations that it raised in its notice letter.[37]  Even though the United States

---

[30] *Id*.

[31] *Id*.

[32] Doc. 1 at ¶ 8; Doc. 1-1.

[33] 33 USC § 1365(b)(1)(A).

[34] United States' Lawsuit Doc. 1.

[35] *Cf*. United States' Lawsuit Doc. 1 *with* Doc. 1; Doc. 1-1; Doc. 1-2.

[36] United States' Lawsuit Doc. 8.

[37] Doc. 1.

had already sued the City, BCW represented to this Court that the United States had not filed suit.[38]

In its complaint, BCW also alleged that the United States has not "diligently prosecuted the City's legal violations."[39]  Even though the United States had sued the City the day before, BCW alleged and represented to this Court that the United States has not "commenced or is diligently prosecuting an action to redress the violations described in [BCW's] notice letter and alleged in [BCW's] complaint."[40]  Only hours elapsed between United States filing suit against the City and BCW filing its own action in which it contended that the United States' Lawsuit was not being diligently prosecuted.  BCW is seeking to recover its attorneys' fees as one of its claims for relief in its complaint.[41]

## F.    BCW has filed a motion to intervene in the United States' Lawsuit.

After BCW filed this lawsuit, it also filed a motion to intervene in the United States' Lawsuit.[42]  Under 28 U.S.C. § 1365(b)(1)(B), "any citizen may intervene as a matter of right" in the United States' Lawsuit against the City.

The City recognized intervention as a matter of right under 28 U.S.C. § 1365(b)(1)(B), but it objected to BCW intervening in the United States' Lawsuit while it was still attempting to prosecute this lawsuit.[43]  The United States also agreed that BCW has a right to intervene in the United States' Lawsuit under 28 U.S.C. § 1365(b)(1)(B).[44]

BCW refused to dismiss this case and proceed only as intervenors in the United States'

---

[38] Doc. 1 at ¶ 39.

[39] *Id*. at ¶ 3.

[40] *Id*. at ¶ 11; *see also id*. at ¶¶ 60, 68.

[41] *Id*. at ¶¶ 36, 77.

[42] United States' Lawsuit Doc. 12.

[43] *Id*. at 5.

[44] United States' Lawsuit Doc. 17 at 5 ("Plaintiffs do not oppose this Court granting [BCW's] intervention of right pursuant to Section 1365(b)(1)(B) of the CWA and FRCP 24(a)(1).").

Lawsuit.  Instead, BCW is attempting to both bring its citizen suit and, at the same time, intervene in the United States' Lawsuit.[45]

Judge Werlein has not yet ruled on BCW's motion to intervene.

**G.    Judge Werlein has stayed the United States' Lawsuit so that the parties can continue settlement negotiations.**

Judge Werlein has entered an order staying the United States' Lawsuit so that the parties can continue settlement negotiations.[46]  Judge Werlein determined that the stay "is in the best interest of judicial economy and will facilitate settlement."[47]

In his stay order, Judge Werlein required the parties to file a report on the progress of settlement negotiations every 45 days.[48]  Judge Werlein included a provision in his stay order that allows any party to request that "the matter be returned to the active litigation docket" for good cause.[49]

On November 8, 2018, the United States filed a report with Judge Werlein regarding settlement negotiations.[50]  It informed Judge Werlein that on "November 1 and 2, 2018, the Parties conducted a face-to-face settlement meeting in Austin, Texas.  Sixteen representatives of the Parties participated in the meeting.  The participants included counsel representing each Party, technical and professional staff on behalf of EPA and Houston, and a consultant on behalf of the DOJ and EPA.  Prior to the meeting, the Parties exchanged proposed settlement language on a number of issues for discussion at the meeting."[51]

---

[45] United States' Lawsuit Doc. 12.

[46] United States' Lawsuit Doc. 8.

[47] *Id*. at 1.

[48] *Id*.

[49] *Id*. at 2.

[50] United States' Lawsuit Doc. 19.

[51] *Id*. at 3.

At the settlement meeting, the United States and the City addressed seven key areas in their negotiations:

- SSO Response Plan;

- Wastewater Treatment Plants;

- Early Action Projects;

- Condition Assessment;

- Wet Weather Facilities;

- Capacity Management Operation and Maintenance; and

- Advanced Sewer System Monitoring. [52]

At the end of their November settlement meeting, the United States and the City scheduled two telephone conference calls during the month of November that will involve professional and technical staff representatives.[53]

The United States told Judge Werlein that it and the City agree that:

- They have continued to make progress toward reaching a settlement that will resolve the allegations in the United States' Lawsuit;

- Reaching a settlement is feasible, and they are committed to continue their efforts; and

- During the next forty-five days from the November 8, 2018 report, significant progress can be made toward agreement on the terms of a final settlement.[54]

The United States and the City have scheduled their next face-to-face meeting to take place in Houston on December 13-14, 2018.[55]

---

[52] *Id*. at 4-7.

[53] *Id*. at 7.

[54] *Id*.

[55] *Id*.

8

## VI. Summary of Argument

BCW's citizen suit should be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim because the United States has already filed suit regarding these alleged violations.  The only exception to this rule is that a citizen can file suit if the government suit is not being diligently prosecuted.  BCW has made only conclusory allegations regarding diligent prosecution, which is insufficient to survive a motion to dismiss.

This Court should not allow BCW to replead because any repleading would be futile. Because the United States is engaged in ongoing settlement negotiations with the City under Judge Werlein's supervision, BCW cannot establish that the United States is not diligently prosecuting the United States' Lawsuit.

## VII. Argument

This Court should dismiss this Clean Water Act citizen suit filed by BCW because the United States sued the City for the same violations before BCW filed suit, and BCW has not alleged—and cannot allege—facts showing that the United States is not diligently prosecuting that lawsuit.[56]

**A.**    **This Court should dismiss BCW's claims because they are statutorily barred because the United States filed suit against the City regarding the same alleged violations the day before BCW filed suit, and BCW's pleadings do not support its claim that the United States is not diligently prosecuting that lawsuit.**

The United States sued the City regarding the same alleged violations before BCW filed this lawsuit against the City.[57]  Therefore, BCW's Clean Water Act citizen suit against the City is

---

[56] The Fifth Circuit has held that the Clean Water Act's "diligent prosecution" provision is not jurisdictional, so it is covered by Rule 12(b)(6) instead of Rule 12(b)(1).  *Louisiana Envtl. Action Network v. City of Baton Rouge*, 677 F.3d 737, 747 (5th Cir. 2012); *see Sierra Club v. Energy Future Holdings, Corp.*, 5:10-CV-156-MHS-CMC, 2013 WL 5354414, at *13 n.5 (E.D. Tex. Sept. 24, 2013).  But the Fifth Circuit has not addressed whether the fact that the United States had already filed suit is jurisdictional.  The City, therefore, seeks to dismiss BCW's claims under both Rule 12(b)(1) and Rule 12(b)(6).

[57] Doc. 1; United States' Lawsuit Doc. 1.

barred unless BCW can establish that the United States is not diligently prosecuting the United States' Lawsuit.[58]  This issue is not in dispute, because BCW admits in its complaint that the Clean Water Act "bars a citizen suit if the EPA or State 'has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order.'"[59]

BCW has failed to allege sufficient facts to support its claim that the lack-of-diligent-prosecution exception applies to its citizen suit.  This Court, therefore, should dismiss BCW's claims against the City.

In its complaint, BCW makes conclusory allegations that the United States is not diligently prosecuting its claims against the City:

- "[N]either the U.S. Environmental Protection Agency ('EPA') nor the State of Texas has diligently prosecuted the City's legal violations."[60]

- "Neither the EPA nor the State has commenced or is diligently prosecuting an action to redress the violations described in [BCW]'s notice letter and alleged in this complaint."[61]

- "Neither the EPA nor the State of Texas is diligently prosecuting these SSOs and bypasses."[62]

- "Neither the EPA nor the State of Texas is diligently prosecuting these SSOs and bypasses."[63]

BCW does not explain why the United States' prosecution of its claims against the City are not diligent.[64]  Nor does BCW even address how the prosecution of a suit that had been on file for less

---

[58] 33 U.S.C. § 1365(b)(1)(B).

[59] Doc. 1 (quoting 33 U.S.C. § 1365(b)(1)(B)).

[60] *Id*. at ¶ 3.

[61] *Id*. at ¶ 11.

[62] *Id*. at ¶ 60.

[63] *Id*. at ¶ 68.

[64] Doc. 1.

than 24-hours was not diligent.[65]  Instead, BCW just makes the conclusory allegation that the United States is not diligently prosecuting the lawsuit.[66]

The Supreme Court has held that to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[67] Conclusory allegations are not sufficient to defeat a motion to dismiss.[68]  BCW's allegation that the United States is not diligently prosecuting the United States' Lawsuit are conclusory allegations, devoid of any explanation of how it has failed to diligently prosecute that lawsuit.[69]

This Court, therefore, should dismiss BCW's claims because it has not pled sufficient facts to support its conclusory allegation that the United States is not diligently prosecuting the United States' Lawsuit.

**B.     This Court should not allow BCW to replead because any claim that the United States is not diligently prosecuting its lawsuit against the City would be futile.**

BCW may request to replead to provide additional support for its claim that the United States is not diligently prosecuting the United States' Lawsuit.  This Court should not allow BCW to replead because any repleading would be futile.[70]

The Supreme Court has held that a Clean Water Act "citizen suit is meant to supplement rather than to supplant governmental action."[71]  The Supreme Court has emphasized that citizen suits under the Clean Water Act have a merely "interstitial" role and that federal courts should not

---

[65] *Id.*

[66] *Id.*

[67] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[68] *Beavers v. Metro. Life Ins. Co*., 566 F.3d 436, 439 (5th Cir. 2009) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

[69] Doc. 1 at ¶¶ 3, 11, 60, 68.

[70] *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Molin v. Fremont Inv. & Loan*, No. H-13-2394, 2013 WL 6732043, at *3 (S.D. Tex. Dec. 19, 2013).

[71] *Gwaltney of Smithfield v. Chesapeake Bay Found*., 484 U.S. 49, 60 (1987).

allow citizen suits to be even "potentially intrusive."[72]  Federal courts have held that attempting to resolve a case through settlement is diligent prosecution and that courts should not interpret the Clean Water Act's diligent prosecution provision "in a manner that would undermine the EPA's ability to reach voluntary settlements with defendants."[73]

The United States' Lawsuit has been on file since only September 20, 2018.[74]  During that time, the United States has been involved in settlement efforts under Judge Werlein's supervision.[75]  Sixteen representatives of the parties, including technical and professional staff, met in Austin on November 1 and 2, 2018.[76]  Before the meeting, the parties exchanged proposed settlement language on a number of issues for discussion at the meeting.[77]

At the settlement meeting, the United States and the City addressed seven key areas in their negotiations:

- SSO Response Plan;

- Wastewater Treatment Plants;

- Early Action Projects;

- Condition Assessment;

- Wet Weather Facilities;

- Capacity Management Operation and Maintenance; and

---

[72] *Id*. at 61.

[73] *Karr v. Hefner*, 475 F.3d 1192, 1198 (10th Cir. 2007); *see Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 614 (D. Md. 2011) ("should not interpret the scope of the 'diligent prosecution' bar "in a manner that would undermine the [government agency's] ability to reach voluntary settlements with defendants.'") (citing *Karr*; alterations in original); *Hudson Riverkeeper Fund, Inc. v. Harbor at Hastings Associates*, 917 F. Supp. 251, 256 (S.D.N.Y. 1996) (prosecution was diligent when "the parties to the state actions have been engaged in significant settlement discussions which may in themselves lead to the clean up of the site").

[74] United States' Lawsuit Doc. 1.

[75] United States' Lawsuit Doc. 8; United States' Lawsuit Doc. 19.

[76] United States' Lawsuit Doc. 19 at 3.

[77] *Id*.

- Advanced Sewer System Monitoring. [78]

At the end of their November settlement meeting, the United States and the City scheduled two telephone conference calls during the month of November that will involve professional and technical staff representatives.[79]  The United States and the City have scheduled their next face-to-face meeting to take place in Houston on December 13-14, 2018.[80]

The United States told Judge Werlein that it and the City agree that:

- They have continued to make progress toward reaching a settlement that will resolve the allegations in the United States' Lawsuit;

- Reaching a settlement is feasible, and they are committed to continue their efforts; and

- During the next forty-five days from the November 8, 2018 report, significant progress can be made toward agreement on the terms of a final settlement.[81]

Given the ongoing settlement discussions being conducted under Judge Werlein's supervision, BCW cannot legitimately argue that the United States is not diligently prosecuting the United States' Lawsuit.  Therefore, allowing BCW to replead would be futile.

## VIII. Conclusion

This Court should dismiss BCW's claims under Rule 12(b)(1) for lack of subject-matter jurisdiction and under Rule 12(b)(6) for failure to state a claim on which relief can be granted. This Court should not allow BCW to replead because any repleading would be futile.

---

[78] *Id*. at 4-7.

[79] *Id*. at 7.

[80] *Id*.

[81] *Id*.

Respectfully submitted,

/s/ Debra Tsuchiyama Baker
Debra Tsuchiyama Baker
*Attorney-in-Charge*
Texas Bar No. 15089600
Of Counsel:                                               Southern District No. 6943
Ronald C. Lewis                                           BAKER • WOTRING LLP
City Attorney                                             700 JPMorgan Chase Tower
CITY OF HOUSTON LEGAL DEPARTMENT                          600 Travis
                                                          Houston, Texas 77002
Tiffany Bingham                                           Tel. (713) 980-1700
Senior Assistant City Attorney                            Fax  (713) 980-1701
Texas Bar No. 1077536                                     dbaker@bakerwotring.com
Southern District No. 24012287
900 Bagby, 4th Floor
Houston, Texas 77002                                      Earnest W. Wotring
Tel.: (832) 393-6445                                      Texas Bar No. 22012400
Fax: (832) 393-6259                                       Southern District No. 15284
Tiffany.Bingham@houstontx.gov                             John Muir
                                                          Texas Bar No. 14630477
                                                          Southern District No. 9404
                                                          David George
                                                          Texas Bar No. 00793212
                                                          Southern District No. 19330
                                                          BAKER • WOTRING LLP
                                                          700 JPMorgan Chase Tower
                                                          600 Travis
                                                          Houston, Texas 77002
                                                          Tel. (713) 980-1700
                                                          Fax  (713) 980-1701
                                                          ewotring@bakerwotring.com
                                                          jmuir@bakerwotring.com
                                                          dgeorge@bakerwotring.com

ATTORNEYS FOR DEFENDANT
CITY OF HOUSTON

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2018, a copy of the above document was served on all counsel of record via the Court's electronic filing system.

> David Frederick
> Eric Allmon
> Lauren Ice
> FREDERICK, PERALES, ALLMON & ROCKWELL PC
> 1206 San Antonio Street
> Austin, Texas 78701
> dof@lf-lawfirm.com
> eallmon@lf-lawfirm.com
> lauren@lf-lawfirm.com
>
> Kristen Schlemmer
> BAYOU CITY WATERKEEPER
> 2010 N. Loop West, Suite 275
> Houston, Texas 77018
> kristen@bayoucitywaterkeeper.org

*/s/ Debra Tsuchiyama Baker*
Debra Tsuchiyama Baker

**CERTIFICATE OF CONFERENCE**

I hereby certify that on November 16, 2018, I conferred with Plaintiff Bayou City Waterkeeper's counsel Lauren Ice. She informed me that her client opposes the Court granting the relief requested in this motion.

*/s/ David George*
David George

15