**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **BAYOU CITY WATERKEEPER** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:18-cv-03369** |
| | § | |
| **CITY OF HOUSTON** | § | |
| **Defendant** | § | |

# DEFENDANT CITY OF HOUSTON'S
# MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
# UNDER RULE 12(b)(1) AND RULE 12(b)(6)

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant City of Houston (the "City") files this Motion to Dismiss Plaintiff Bayou City Waterkeeper's ("BCW") First Amended Complaint for (1) lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and (2) failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

In support of said motion, the City would respectfully show unto this Court as follows:

TABLE OF CONTENTS

I.      Statement of Nature and Stage of the Proceeding ............................................1

II.     Statement of Issue: BCW's Citizen Suit is Statutorily Barred Because the United
        States Filed Suit First and BCW Has Not Pled Facts Sufficient to Support its Claim
        that the United States is not Diligently Prosecuting its Lawsuit .......................2

III.    Standard of Review ..........................................................................................3

IV.     Clean Water Act Citizen Suits are Barred if the United States Filed Suit First and is
        Diligently Prosecuting its Lawsuit .................................................................4

        A.      Courts give great deference to the United States' litigation decisions, so a
                citizen-suit plaintiff must meet a high standard to establish lack of diligent
                prosecution. ..................................................................................4

        B.      The "diligent prosecution" analysis looks only at events after the United States
                filed suit..........................................................................................5

V.      Background ......................................................................................................6

        A.      The City has been engaged in extensive negotiations with the United States
                regarding its sewer system for several years. .......................................6

        B.      After Hurricane Harvey, negotiations were put on hold so that the City could
                respond to the disaster..........................................................................7

        C.      BCW sent its 60-day notice letter stating that it intended to file suit under the
                Clean Water Act's citizen-suit provision if the United States did not file suit. ......8

        D.      The United States filed suit against the City regarding the same alleged
                violations within the 60-day notice period. ..........................................8

        E.      Less than nine hours after the United States sued the City, BCW filed this
                citizen suit against the City regarding the same alleged violations at issue in
                United States' Lawsuit. .......................................................................8

        F.      BCW intervened in the United States' Lawsuit, but it is still attempting to
                maintain this citizen suit over the same alleged violations. ...................9

        G.      Judge Werlein determined that a stay to allow settlement negotiations was
                appropriate ........................................................................................9

VI.     Summary of Argument .....................................................................................11

VII.    Argument: BCW's Citizen Suit is Statutorily Barred because the United States filed
        Suit First and BCW has not Alleged—and Cannot Allege—Facts Showing that the
        United States is not Diligently Prosecuting its Lawsuit .................................12

        A.      BCW has not pled facts sufficient to support its claim that the United States

was not diligently prosecuting the lawsuit it had filed just hours before.............12

1.    BCW has a heavy burden because the United States' lawsuit is presumed to be diligently prosecuted and great deference is given to the United States' litigation decisions. ...................................................13

2.    BCW must show that the United States was not diligently prosecuting its lawsuit at the time BCW filed its citizen suit.....................................13

3.    The cases BCW relies on do not support its argument that the United States failed to diligently prosecute the lawsuit during the overnight hours of September 20-21, 2018. ...........................................................14

    (1)    *St. Bernard Citizens for Envtl. Quality, Inc. v. Chalmette Refining, LLC* was not a diligent-prosecution case, so it does not support BCW's argument that the United States did not diligently prosecute the lawsuit it filed. ......................................15

    (2)    In *Yadkin Riverkeeper, Inc. v. Duke Energy Carolinas, LLC*, the government lawsuit had been on file for over a year with little activity, while the United States' Lawsuit was on file for less than nine hours..................................................................16

    (3)    In *Ohio Valley Envtl. Coal Inc. v. Hobet Mining LLC*, the government lawsuit had also been on file for over a year with little activity, while the United States' Lawsuit was on file for less than nine hours..................................................................17

4.    BCW's pleadings do not establish that the United States was not diligently prosecuting its lawsuit at the time BCW filed its citizen suit. ..18

B.    This Court should not allow BCW to replead because any claim that the United States is not diligently prosecuting its lawsuit against the City would be futile...............................................................................................................20

VIII.    Conclusion ...............................................................................................................21

## TABLE OF AUTHORITIES

*Cases*

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................3, 13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...........................................3, 13

*Black Warrior Riverkeeper, Inc. v. Se. Cheese Corp*., CV 16-0083-KD-B, 2017 WL 359194
    (S.D. Ala. Jan. 24, 2017) ...............................................................5, 13, 20

*Cambridge Envtl. Health Cmty. & Dev. Group v. City of Cambridge*, 115 F. Supp. 2d 550 (D.
    Md. 2000) ..............................................................................5, 13, 19

*Foman v. Davis*, 371 U.S. 178 (1962) ..................................................................20, 21

*Friends of Milwaukee's Rivers v. Milwaukee Metro. Sewarage Dist*., 382 F.3d 743 (7th Cir.
    2004)................................................................................ 4, 5, 13, 19, 20

*Glazer v. Am. Ecology Envtl. Servs. Corp*., 894 F. Supp. 2d 1029 (E.D. Tex. 1995) .................14

*Hudson Riverkeeper Fund, Inc. v. Harbor at Hastings Associates*, 917 F. Supp. 251 (S.D.N.Y.
    1996)..................................................................................................19

*In re Katrina Canal Breaches Litig*., 495 F.3d 191 (5th Cir. 2007) ...............................3

*Karr v. Hefner*, 475 F.3d 1192 (10th Cir. 2007)................................................5, 13, 19

*Lane v. Halliburton*, 529 F.3d 548 (5th Cir. 2008)......................................................3

*Louisiana Envtl. Action Network v. City of Baton Rouge*, 677 F.3d 737 (5th Cir. 2012)............12

*Lovelace v. Software Spectrum Inc*., 78 F.3d 1015 (5th Cir. 1996)...............................6

*Molin v. Fremont Inv. & Loan*, No. H-13-2394, 2013 WL 6732043 (S.D. Tex. Dec. 19, 2013)..21

*Norris v. Hearst Tr*., 500 F.3d 454 (5th Cir. 2007)......................................................6

*Ohio Valley Envtl. Coal Inc. v. Hobet Mining LLC*, No. 3:08–0088, 2008 WL 5377799 (S.D.W.
    Va. Dec. 18, 2008) .................................................................... 14, 17, 18

*Piney Run Pres. Ass'n v. County Comm'rs of Carroll County*, 523 F.3d 453 (4th Cir. 2008) 5, 13,
    20

*Ready Aim Flyer, LLC v. Aviat Aircraft, Inc*., 4:15-CV-2731, 2016 WL 4376612 (S.D. Tex. Aug.
    16, 2016)................................................................................................2

*Rountree v. Dyson*, 892 F.3d 681 (5th Cir. 2018).................................................1, 2

*Scanlan v. Texas A&M Univ.*, 343 F.3d 533 (5th Cir. 2003) ........................................................4

*Scheuer v. Rhodes*, 416 U.S. 232 (1974).........................................................................................4

*Sierra Club v. Energy Future Holdings, Corp.*, 5:10-CV-156-MHS-CMC, 2013 WL 5354414n.5
   (E.D. Tex. Sept. 24, 2013).........................................................................................................12

*St. Bernard Citizens for Envtl. Quality, Inc. v. Chalmette Refining, LLC*, 348 F. Supp. 2d 765
   (E.D. La. 2004) ........................................................................................... 14, 15, 16

*Suarez v. Uptown Staffing, LLC*, CV H-18-1150, 2018 WL 3435069 (S.D. Tex. July 17, 2018) ..2

*Texans United for a Safe Econ. Educ. Fund v. Crown Cent. Petroleum Corp.*, 207 F.3d 789 (5th
   Cir. 2000)...............................................................................................................................5, 6

*United States v. Albert Inv. Co., Inc.*, 585 F.3d 1386 (10th Cir. 2009)..........................................9

*Williams Pipe Line Co. v. Bayer Corp.*, 964 F. Supp. 2d 1300 (S.D. Iowa 1997) ............5, 13, 19

*Yadkin Riverkeeper, Inc. v. Duke Energy Carolinas, LLC*, 141 F. Supp. 3d 428  (M.D.N.C. 2015)
   .................................................................................................................................. 14, 16, 17

*Ziegler v. Champion Mortg. Co.*, 913 F.2d 228 (5th Cir. 1990)...................................................12

**Statutes**

33 U.S.C. § 1365........................................................................................................................1, 4

33 U.S.C. § 1365(b)(1)(A) ...............................................................................................................4

33 U.S.C. § 1365(b)(1)(B)......................................................................1, 2, 4, 5, 6, 14, 18

33 U.S.C. § 1365........................................................................................................................16

**Rules**

FED. R. CIV. P. 12(b)(1)................................................................................... i, 3, 11, 12, 21

FED. R. CIV. P. 12(b)(6)................................................................................ i, 3, 6, 11, 12, 21

FED. R. EVID. 201(f) ........................................................................................................6

BCW has filed a citizen suit under the federal Clean Water Act seeking civil penalties and injunctive relief regarding the City's sewer system.[1]  BCW's citizen suit is statutorily barred because it was filed after the United States had already sued the City for those same alleged violations and was diligently prosecuting that lawsuit.[2]  This Court, therefore, should dismiss BCW's claims.

## I. Statement of Nature and Stage of the Proceeding

This is a citizen suit under the federal Clean Water Act.[3]  The City filed a motion to dismiss BCW's original complaint.[4]  In its original motion to dismiss, the City explained that BCW's citizen suit under the federal Clean Water Act is statutorily barred because it was filed after the United States had already sued the City for those same alleged violations.[5]

BCW filed an amended complaint before it responded to the City's motion to dismiss.[6]  In its reply supporting its original motion to dismiss, the City explained that under recent Fifth Circuit precedent, BCW's amended complaint does not moot the City's original motion to dismiss.[7]  The Fifth Circuit held that "defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending."[8]  Instead, if "some of the defects raised in the original motion remain in the new pleading, the court simply may

---

[1] Doc. 1; Doc. 10; 33 U.S.C. § 1365.

[2] 33 U.S.C. § 1365(b)(1)(B); *United States v. City of Houston*, No. 4:18-CV-3368 (S.D. Tex.) ("United States' Lawsuit") at Doc. 1.

[3] Doc. 1 at ¶ 1; Doc. 10 at ¶ 1.

[4] Doc. 7

[5] Doc. 7; 33 U.S.C. § 1365(b)(1)(B); *United States v. City of Houston*, No. 4:18-CV-3368 (S.D. Tex.) ("United States' Lawsuit") Doc. 1.

[6] Doc. 10; Doc. 11.

[7] Doc. 12 at 3-4; *Rountree v. Dyson*, 892 F.3d 681, 683 (5th Cir. 2018)

[8] Doc. 12 at 3; *Rountree*, 892 F.3d at 683 (quoting 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. updated Apr. 2018)).

consider the motion as being addressed to the amended pleading."[9]  In its original motion to dismiss, the City explained that BCW's claims are statutorily barred because the United States had filed and was diligently prosecuting a lawsuit regarding the same issues raised in BCW's citizen suit.[10]  Those defects remain in BCW's amended complaint.[11]

This Court, therefore, should consider the City's original motion to dismiss "as being addressed to [BCW's] amended pleading."[12]  But to avoid any confusion, and out of an abundance of caution, the City is filing this motion to dismiss addressing BCW's amended complaint.

## II. Statement of Issue: BCW's Citizen Suit is Statutorily Barred Because the United States Filed Suit First and BCW Has Not Pled Facts Sufficient to Support its Claim that the United States is not Diligently Prosecuting its Lawsuit

The Clean Water Act citizen-suit provision does not allow a citizen suit to be filed if the United States or a state has filed suit regarding the same alleged violations and is diligently prosecuting the suit at the time the citizen suit was filed.[13]  The United States filed suit against the City for the same alleged violations the day before BCW filed suit.[14]  BCW's citizen suit is statutorily barred and should be dismissed because it has failed to plead facts supporting its claim that the United States was not diligently prosecuting the lawsuit that it had filed less than nine hours earlier.  This Court should dismiss BCW's lawsuit.

---

[9] Doc. 12 at 3; *Rountree*, 892 F.3d at 683-84 (quoting 6 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476); *see Suarez v. Uptown Staffing, LLC*, CV H-18-1150, 2018 WL 3435069, at *1 (S.D. Tex. July 17, 2018); *Ready Aim Flyer, LLC v. Aviat Aircraft, Inc*., 4:15-CV-2731, 2016 WL 4376612, at *2 (S.D. Tex. Aug. 16, 2016).

[10] Doc. 12 at 3-4; Doc. 7 at 9-11.

[11] Doc. 12 at 3-4; Doc. 10.

[12] Doc. 12 at 3-4; *Rountree*, 892 F.3d at 683-84 (quoting 6 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476).  The City reserves the right to file a second motion to dismiss regarding BCW's amended complaint.

[13] 33 U.S.C. § 1365(b)(1)(B) ("No action may be commenced … (B) if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States").

[14] United States' Lawsuit at Doc. 1.  The State of Texas joined the United States' Lawsuit as a plaintiff.  *Id.*

2

### III. Standard of Review

When deciding a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), this Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiffs.[15]   This Court's rulings on the motion to dismiss for lack of subject-matter jurisdiction are reviewed de novo.[16]

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."[17]   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[18]  A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19] Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions or a "formulaic recitation of the elements of a cause of action."[20]  Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "naked assertions devoid of further factual enhancement."[21] In considering a Rule 12(b)(6) motion to dismiss, all well-pleaded facts are to be taken as true, and

---

[15] *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[16] *Lane*, 529 F.3d at 557.

[17] Fed. R. Civ. P. 12(b)(6).

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[19] *Iqbal*, 556 U.S. at 678.

[20] *Twombly*, 550 U.S. at 555.

[21] *Iqbal*, 556 U.S. at 678.

viewed in the light most favorable to the plaintiff.[22]  This Court's rulings on the motion to dismiss

under Rule 12(b)(6) are reviewed de novo.[23]

### IV. Clean Water Act Citizen Suits are Barred if the United States Filed Suit First and is Diligently Prosecuting its Lawsuit

The Clean Water Act allows citizens to bring citizen suits for alleged violations of the

statute.[24]  But the Clean Water Act contains strict limitations on citizen suits.

Before a person can bring a citizen suit, he must give notice of the alleged violation to the

United States, the state where the violation occurred, and the alleged violator.[25]  The person cannot

bring a citizen suit until 60 days after he gave the required notice.[26]  In addition, the person cannot

file suit if—by the end of the 60-day notice period—the United States or the state has filed and is

"diligently prosecuting" a lawsuit when the citizen suit is filed regarding the violations alleged in

the citizen's notice letter.[27]  That is what happened in this case—the day before the 60-day notice

period ran, the United States filed suit against the City for the same violations that are at issue in

BCW's complaint.[28]  Therefore, BCW's complaint must be dismissed.

**A.    Courts give great deference to the United States' litigation decisions, so a citizen-suit plaintiff must meet a high standard to establish lack of diligent prosecution.**

Courts presume that the government lawsuit is being diligently prosecuted.[29]  Federal

appellate courts have held that a plaintiff bringing a Clean Water Act citizen suit must meet a "high

---

[22] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

[23] *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

[24] 33 U.S.C. § 1365.

[25] 33 U.S.C. § 1365(b)(1)(A).

[26] *Id*.

[27] 33 U.S.C. § 1365(b)(1)(B).

[28] Doc 1; United States' Lawsuit Doc. 1.

[29] *Friends of Milwaukee's Rivers v. Milwaukee Metro. Sewarage Dist*., 382 F.3d 743, 760 (7th Cir. 2004) ("diligence on the part of the State is presumed").

4

standard" to establish that the government is not diligently prosecuting the lawsuit it brought.[30]
Courts, therefore, give "great deference" to the government's prosecution of its lawsuit.[31]   A
government suit is diligent "if the judicial action is capable of requiring compliance with the Act
and is calculated to do so."[32]

## B.   The "diligent prosecution" analysis looks only at events after the United States filed suit.

In determining whether the United States was diligently prosecuting its lawsuit, courts look
only at events that took place *after* the United States filed suit.  The issue is whether the United
States was diligently prosecuting its lawsuit at the time the citizen suit was filed—not whether the
United States had been diligently addressing the issues raised in its lawsuit in the time period
before it filed suit.[33]  On this issue, the City and BCW are in agreement: the time for determining
if the United States is diligently prosecuting its lawsuit starts with the date the United States files
the lawsuit.[34]

The Clean Water Act's diligent-prosecution provision states that the citizen suit is barred
if the United States or a state has filed suit over the same issues and "is diligently prosecuting a

---

[30] *Karr v. Hefner*, 475 F.3d 1192, 1198 (10th Cir. 2007) ("Citizen-plaintiffs must meet a high standard to demonstrate that it has failed to prosecute a violation diligently"); *Piney Run Pres. Ass'n v. County Comm'rs of Carroll County*, 523 F.3d 453, 459 (4th Cir. 2008).

[31] *Karr*, 475 F.3d at 1198 ("The burden is heavy, because the enforcement agency's diligence is presumed.") (quoting *Williams Pipe Line Co. v. Bayer Corp.*, 964 F. Supp. 2d 1300, 1324 (S.D. Iowa 1997)); *Cambridge Envtl. Health Cmty. & Dev. Group v. City of Cambridge*, 115 F. Supp. 2d 550, 554 (D. Md. 2000) ("Most courts considering the diligence of a state or federal prosecution have exhibited substantial deference for the agency's process.").

[32] *Friends of Milwaukee's Rivers*, 382 F.3d at 759 (internal quotations omitted); *Piney Run*, 523 F.3d at 459 ("A CWA enforcement prosecution will ordinarily be considered 'diligent' if the judicial action is capable of requiring compliance with the Act and is in good faith calculated to do so") (internal quotations omitted); *Black Warrior Riverkeeper, Inc. v. Se. Cheese Corp.*, CV 16-0083-KD-B, 2017 WL 359194, at *6 (S.D. Ala. Jan. 24, 2017).

[33] 33 U.S.C. § 1365(b)(1)(B) (citizen suit barred if government "is diligently prosecuting a civil or criminal action in a court of the United States, or a State"); *Texans United for a Safe Econ. Educ. Fund v. Crown Cent. Petroleum Corp.*, 207 F.3d 789, 795 (5th Cir. 2000).

[34] In its response to the City's motion to dismiss, BCW stated that in "evaluating diligent prosecution, the relevant legal question is whether a 'prior pending action was being diligently prosecuted . . . at the time that the citizen suit was filed.'"  Doc. 11 at 11.

civil or criminal action in a court of the United States, or a State."[35] A "civil action" is a lawsuit, and the Fifth Circuit has held that this provision applies only when lawsuits have been filed.[36] It is impossible to diligently prosecute a lawsuit that has not yet been filed, so it is only actions that took place after the United States filed suit that are at issue. At the time BCW filed its lawsuit against the City, the United States case against the City on the same issues had been on file for less than nine hours. BCW cannot credibly plead that the United States was not diligently prosecuting its claims against the City given the timing of these events.

## V. Background

This case involves the City's sewer system. Specifically, this case involves alleged sanitary sewer overflows, which are known as "SSOs."[37] BCW alleges that the City's sewer system has had unauthorized discharges in violation of the Clean Water Act.[38]

### A. The City has been engaged in extensive negotiations with the United States regarding its sewer system for several years.

The City operates one of the largest sewer systems in the United States.[39] Because of the size of the City, as well as the City's geography—specifically, its flat surface and numerous bayous—its sewer issues are extremely complicated.[40]

The United States Department of Justice, the United States Environmental Protection

---

[35] 33 U.S.C. § 1365(b)(1)(B).

[36] FED. R. CIV. P. 2 ("There is one form of action–the civil action."); *Texans United*, 207 F.3d at 795.

[37] Doc. 10 at ¶ 1.

[38] *Id.*

[39] United States' Lawsuit Doc. 2 at 2. When reviewing motions to dismiss under Rule 12(b), this Court can take judicial notice of matters of public record, including court filings. *Norris v. Hearst Tr.*, 500 F.3d 454, 461 (5th Cir. 2007) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record"); *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996) ("Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. However, courts may also consider matters of which they may take judicial notice."); FED. R. EVID. 201(f) ("Judicial notice may be taken at any stage of the proceeding.").

[40] *See, e.g.*, United States' Lawsuit Doc. 2 at 2.

Agency, the Attorney General of the State of Texas, and the Texas Commission on Environmental Quality have been engaged in settlement discussions with the City for several years in an effort to address alleged violations of the Clean Water Act and the Texas Water Code regarding the City's sewer system.[41]  Because of the complex and highly technical nature of the City's sewer system, the discussions stretched over several years.[42]  The City, United States Department of Justice, the United States Environmental Protection Agency, the Attorney General of the State of Texas, and the Texas Commission on Environmental Quality have worked together in an effort to formulate a plan to resolve the issues identified in the United States Lawsuit that accounts for the local, state, and federal interests.

**B.    After Hurricane Harvey, negotiations were put on hold so that the City could respond to the disaster.**

Before Hurricane Harvey hit in August 2017, the United States and the City were making significant progress toward a final agreement.[43]  But due to the devastating impact of Hurricane Harvey on the City, they agreed to suspend settlement negotiations to allow the City's leadership to focus attention on the health and safety of its citizens and the damage caused by Hurricane Harvey.[44]

Before the United States filed suit, the parties resumed negotiations and have continued to make good progress toward an agreement.[45]

---

[41] *Id.*

[42] *Id.* ("These discussion have stretched over several years because Houston operates one of the largest sewer systems in the Nation and the issues subject to the discussions are complex and highly technical.").

[43] *Id.*

[44] *Id.*

[45] *Id.*

**C.     BCW sent its 60-day notice letter stating that it intended to file suit under the Clean Water Act's citizen-suit provision if the United States did not file suit.**

On July 23, 2018, BCW sent a letter to the City's mayor giving notice of the alleged violations and its intent to file suit after 60 days.[46]  Because BCW sent its notice letter on July 23, 2018, the first day that it could file its citizen suit was 60 days later, which was September 21, 2018.[47]

**D.     The United States filed suit against the City regarding the same alleged violations within the 60-day notice period.**

On September 20, 2018, the United States sued the City under the Clean Water Act for alleged violations related to the City's sewer system (the "United States' Lawsuit").[48]  The United States' Lawsuit involves the same alleged violations as BCW's notice letter and this lawsuit.[49]

The United States' Lawsuit is pending before Judge Werlein.[50]

**E.     Less than nine hours after the United States sued the City, BCW filed this citizen suit against the City regarding the same alleged violations at issue in United States' Lawsuit.**

The United States sued the City under the Clean Water Act on September 20, 2018, at 10:23 pm.[51]  Less than nine hours later, BCW filed this citizen suit against the City on September 21, 2018, at 6:48 am for the alleged violations that it raised in its notice letter.[52]  Even though the

---

[46] Doc. 10 at ¶ 8; Doc. 10-1.

[47] 33 USC § 1365(b)(1)(A).

[48] United States' Lawsuit Doc. 1.

[49] *Cf.* United States' Lawsuit Doc. 1 *with* Doc. 1; Doc. 1-1; Doc. 1-2; Doc. 10; Doc. 10-1; Doc. 10-2.

[50] United States' Lawsuit Doc. 8.

[51] United States' Lawsuit Doc. 1 (court records show the time suit was filed, but the filing time is not included on the docket itself; this Court can take judicial notice of the time of electronic filing).

[52] Doc. 1 (court records show the time suit was filed, but the filing time is not included on the docket itself; this Court can take judicial notice of the time of electronic filing).

United States had already sued the City, BCW represented to this Court that the United States had not filed suit.[53]

In its amended complaint, BCW alleged that the United States has not "diligently prosecuted the City's legal violations."[54]  BCW primarily bases its lack-of-diligent-prosecution allegations on events that took place before the United States sued the City.[55]  BCW also contends that by asking Judge Werlein to stay its lawsuit to allow for settlement negotiations to continue, the United States failed to diligently prosecute its lawsuit during the overnight hours of September 20-21, 2018.[56]

## F.     BCW intervened in the United States' Lawsuit, but it is still attempting to maintain this citizen suit over the same alleged violations.

BCW has intervened in the United States' lawsuit against the City that is pending in Judge Werlein's Court.[57]  So it will have the opportunity to make its arguments on the merits of the case before Judge Werlein and appeal any final judgment from that court.[58]  But BCW continues to argue that it can continue to bring its citizen suit, even though the United States filed suit first and even though BCW has successfully intervened in the United States' Lawsuit.

## G.     Judge Werlein determined that a stay to allow settlement negotiations was appropriate .

Judge Werlein has entered an order staying the United States' Lawsuit so that the parties can continue settlement negotiations.[59]  Judge Werlein determined that the stay "is in the best

---

[53] Doc. 1 at ¶ 39.

[54] Doc. 10 at ¶¶ 3, 11, 38-39, 61, 69.

[55] *Id.* at ¶ 39

[56] *Id*. at ¶ 38.

[57] United States' Lawsuit Doc. 20; 28 U.S.C. § 1365(b)(1)(B) ("any citizen may intervene as a matter of right" in United States' lawsuit).

[58] United States' Lawsuit Doc. 20; *United States v. Albert Inv. Co., Inc*., 585 F.3d 1386, 1398 (10th Cir. 2009).

[59] United States' Lawsuit Doc. 8.

interest of judicial economy and will facilitate settlement."[60]

In his stay order, Judge Werlein required the parties to file a report on the progress of settlement negotiations every 45 days.[61]  Judge Werlein included a provision in his stay order that allows any party to request that "the matter be returned to the active litigation docket" for good cause.[62]

On November 8, 2018, the United States filed a report with Judge Werlein regarding settlement negotiations.[63]  It informed Judge Werlein that on "November 1 and 2, 2018, the Parties conducted a face-to-face settlement meeting in Austin, Texas.  Sixteen representatives of the Parties participated in the meeting.  The participants included counsel representing each Party, technical and professional staff on behalf of EPA and Houston, and a consultant on behalf of the DOJ and EPA.  Prior to the meeting, the Parties exchanged proposed settlement language on a number of issues for discussion at the meeting."[64]

At the settlement meeting, the United States and the City addressed seven key areas in their negotiations:

- SSO Response Plan;
- Wastewater Treatment Plants;
- Early Action Projects;
- Condition Assessment;
- Wet Weather Facilities;
- Capacity Management Operation and Maintenance; and

---

[60] *Id*. at 1.

[61] *Id*.

[62] *Id*. at 2.

[63] United States' Lawsuit Doc. 19.

[64] *Id*. at 3.

- Advanced Sewer System Monitoring. [65]

At the end of their November settlement meeting, the United States and the City scheduled two telephone conference calls during the month of November that will involve professional and technical staff representatives.[66]

The United States told Judge Werlein that it and the City agree that:

- They have continued to make progress toward reaching a settlement that will resolve the allegations in the United States' Lawsuit;

- Reaching a settlement is feasible, and they are committed to continue their efforts; and

- During the next forty-five days from the November 8, 2018 report, significant progress can be made toward agreement on the terms of a final settlement.[67]

The United States and the City scheduled a face-to-face meeting to take place in Houston on December 13-14, 2018.[68]

## VI. Summary of Argument

BCW's citizen suit should be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim because the United States has already filed suit regarding these alleged violations.  The only exception to this rule is that a citizen can file suit if the government suit is not being diligently prosecuted.  BCW's citizen suit is statutorily barred and should be dismissed because it has failed to plead facts supporting its claim that the United States was not diligently prosecuting the lawsuit that it had filed less than nine hours earlier. Because of the presumption of diligent prosecution and the high standard needed to show lack of diligent prosecution, BCW cannot establish that the United States was not diligently prosecuting

---

[65] *Id*. at 4-7.

[66] *Id*. at 7.

[67] *Id*.

[68] *Id*.

the lawsuit it filed less than nine hours earlier.

This Court should not allow BCW to replead because it has already repled once and any repleading would be futile. Because the United States is engaged in ongoing settlement negotiations with the City under Judge Werlein's supervision, BCW cannot establish that the United States is not diligently prosecuting the United States' Lawsuit.

### VII. Argument: BCW's Citizen Suit is Statutorily Barred because the United States filed Suit First and BCW has not Alleged—and Cannot Allege—Facts Showing that the United States is not Diligently Prosecuting its Lawsuit

This Court should dismiss this Clean Water Act citizen suit filed by BCW because the United States sued the City for the same violations before BCW filed suit, and BCW has not alleged—and cannot allege—facts showing that the United States is not diligently prosecuting that lawsuit.[69]

### A.    BCW has not pled facts sufficient to support its claim that the United States was not diligently prosecuting the lawsuit it had filed just hours before.

BCW's citizen suit is statutorily barred and should be dismissed because it has failed to plead facts supporting its claim that the United States was not diligently prosecuting the lawsuit that it had filed less than nine hours earlier. And because of the presumption of diligent prosecution

---

[69] The Fifth Circuit has held that the Clean Water Act's "diligent prosecution" provision is not jurisdictional, so it is covered by Rule 12(b)(6) instead of Rule 12(b)(1). *Louisiana Envtl. Action Network v. City of Baton Rouge*, 677 F.3d 737, 747 (5th Cir. 2012); *see Sierra Club v. Energy Future Holdings, Corp*., 5:10-CV-156-MHS-CMC, 2013 WL 5354414, at *13 n.5 (E.D. Tex. Sept. 24, 2013). But the Fifth Circuit has not addressed whether the fact that the United States had already filed suit is jurisdictional. The City, therefore, seeks to dismiss BCW's claims under both Rule 12(b)(1) and Rule 12(b)(6). In its response to the City's original motion to dismiss, BCW alleged that the City has ignored Fifth Circuit precedent and is improperly alleging that claims are jurisdictional when they are governed by Rule 12(b)(6). Doc. 11 at 8-9. But BCW recognized that the Fifth Circuit has not yet ruled that the issue of whether the government has filed suit is jurisdictional, which is the position that the City took in its original motion to dismiss. *Id*. The City takes no position on whether the fact that the United States had already filed suit is jurisdictional. It merely notes that the Fifth Circuit has not yet decided the issue. Given the facts of this case, the City does not believe that it matters whether the issue is jurisdictional. If the arguments in the motion to dismiss had not been raised until later in the case, the jurisdictional issue might be relevant because subject-matter jurisdiction cannot be waived. *Ziegler v. Champion Mortg. Co*., 913 F.2d 228, 229 (5th Cir. 1990). But because the City raised the issues at the beginning of the lawsuit, waiver is not an issue. The City, however, recommends that the Court base its ruling on both Rule 12(b)(1) and Rule 12(b)(6) because the Fifth Circuit has not yet clarified which rule applies to all of the issues raised in the City's motion to dismiss.

and the high standard needed to show lack of diligent prosecution, BCW cannot establish that the United States was not diligently prosecuting the lawsuit it filed less than nine hours earlier.

1.    **BCW has a heavy burden because the United States' lawsuit is presumed to be diligently prosecuted and great deference is given to the United States' litigation decisions.**

An examination of BCW's burden to establish that the United States is not diligently prosecuting its lawsuit shows why BCW's pleadings fail to allege facts sufficient to support its claim that the United States' prosecution is not diligent.[70]  Courts presume that the government lawsuit is being diligently prosecuted.[71]  Federal appellate courts have held that a plaintiff bringing a Clean Water Act citizen suit must meet a "high standard" to establish that the government is not diligently prosecuting the lawsuit it brought.[72]  Courts, therefore, give "great deference" to the government's prosecution of its lawsuit.[73]  A government suit is diligent "if the judicial action is capable of requiring compliance with the Act and is calculated to do so."[74]

2.    **BCW must show that the United States was not diligently prosecuting its lawsuit at the time BCW filed its citizen suit.**

The Clean Water Act prohibits a citizen suit if the United States or a state "has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to

---

[70] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[71] *Friends of Milwaukee's Rivers*, 382 F.3d at 760 ("diligence on the part of the State is presumed").

[72] *Karr*, 475 F.3d at 1198 ("Citizen-plaintiffs must meet a high standard to demonstrate that it has failed to prosecute a violation diligently"); *Piney Run*, 523 F.3d at 459.

[73] *Karr*, 475 F.3d at 1198 ("The burden is heavy, because the enforcement agency's diligence is presumed.") (quoting *Williams Pipe Line Co. v. Bayer Corp.*, 964 F. Supp. 2d 1300, 1324 (S.D. Iowa 1997)); *Cambridge Envtl. Health Cmty. & Dev. Group v. City of Cambridge*, 115 F. Supp. 2d 550, 554 (D. Md. 2000) ("Most courts considering the diligence of a state or federal prosecution have exhibited substantial deference for the agency's process.").

[74] *Friends of Milwaukee's Rivers*, 382 F.3d at 759 (internal quotations omitted); *Piney Run*, 523 F.3d at 459 ("A CWA enforcement prosecution will ordinarily be considered 'diligent' if the judicial action is capable of requiring compliance with the Act and is in good faith calculated to do so") (internal quotations omitted); *Black Warrior Riverkeeper, Inc. v. Se. Cheese Corp.*, CV 16-0083-KD-B, 2017 WL 359194, at *6 (S.D. Ala. Jan. 24, 2017).

require compliance with the standard, limitation, or order."[75]   As BCW recognizes, the issue is whether the United States was diligently prosecuting its lawsuit "at the time that the citizen suit was filed."[76]   So BCW's citizen suit is barred if:

- The United States filed suit regarding the same issues before BCW filed its citizen suit; and

- The United States was diligently prosecuting its lawsuit at the time BCW filed its citizen suit.[77]

BCW does not dispute that the United States filed suit regarding the same issues before BCW filed its citizen suit.[78]   So the only issue is whether the United States was diligently prosecuting its lawsuit at the time BCW filed its citizen suit hours later.   Given the timing of the filing of the United States' Lawsuit and BCW's, there is no legitimate argument that the United States was not diligently prosecuting the action against the City, and BCW makes no specific allegation regarding the failure of the United States to prosecute its case in the nine hours before BCW filed suit.

### 3.   The cases BCW relies on do not support its argument that the United States failed to diligently prosecute the lawsuit during the overnight hours of September 20-21, 2018.

In its amended complaint, BCW relies on three cases to support its argument that the United States did not diligently prosecute the United States' Lawsuit:

- *St. Bernard Citizens for Envtl. Quality, Inc. v. Chalmette Refining, LLC*, 348 F. Supp. 2d 765, 768 (E.D. La. 2004) ;

- *Yadkin Riverkeeper, Inc. v. Duke Energy Carolinas, LLC*, 141 F. Supp. 3d 428, 442-43 (M.D.N.C. 2015);  and

- *Ohio Valley  Envtl. Coal Inc. v. Hobet Mining LLC*, No. 3:08–0088,

---

[75] 33 U.S.C. § 1365(b)(1)(B).

[76] Doc. 11 at 14 (quoting *Glazer v. Am. Ecology Envtl. Servs. Corp.*, 894 F. Supp. 2d 1029, 1037 (E.D. Tex. 1995)); see Doc. 10 at ¶ 69.

[77] 33 U.S.C. § 1365(b)(1)(B); Doc. 11 at 7, 10.

[78] Doc. 10 at ¶ 39; Doc. 11 at 9-10.

2008 WL 5377799, at *5–6 (S.D.W. Va. Dec. 18, 2008).[79]

None of these three cases support BCW's argument that the United States did not diligently prosecute its lawsuit during the overnight hours of September 20-21, 2018, nor do they support an argument that the history of pre-suit negotiations between the United States, the City, and others serves as a basis for determining that the United States' lawsuit was not being diligently prosecuted. Instead, these cases support the City's position. .

BCW's own cases show that no court could find that the United States failed to diligently prosecute its lawsuit in the less than nine hours during the night of September 20-21, 2018, when the United States' Lawsuit was on file before BCW filed its citizen suit.

> **(1)    *St. Bernard Citizens for Envtl. Quality, Inc. v. Chalmette Refining, LLC* was not a diligent-prosecution case, so it does not support BCW's argument that the United States did not diligently prosecute the lawsuit it filed.**

BCW contends that in *St. Bernard Citizens*, the district court refused to dismiss a citizen suit based on lack of diligent prosecution "when the governmental negotiations moved at a snail's pace, was subject to a three-month stay, and failed to yield a consent decree."[80]

BCW is mistaken regarding *St. Bernard Citizens*. It was not a "diligent prosecution" case at all, and whether the government was diligently prosecuting a lawsuit was simply not an issue in the case. *St. Bernard Citizens*, therefore, has no relevance to this case. And the fact that BCW relies on it as its lead case shows the weakness of its argument.

In *St. Bernard Citizens*, the citizen suit was filed before the government filed its lawsuit, so the claims were not barred.[81] Instead, *after* the citizen suit was filed, the government began an

---

[79] Doc. 10 at ¶ 38. BCW relied on these same three cases in its response to the City's original motion to dismiss. Doc. 11 at 6, 12-13.

[80] Doc. 10 at ¶ 38; *see also* Doc. 11 at 12.

[81] *St. Bernard Citizens*, 348 F. Supp. 2d at 767-68.

administrative enforcement action regarding the same issues that were involved in the citizen suit.[82]  A government suit filed after a citizen suit is not statutorily barred.[83]  Even though the case was not statutorily barred—and the diligent-prosecution issue was not involved in the case—the defendant asked the court to stay the citizen suit to allow the government administrative action to be completed.[84]  The court refused to enter a discretionary stay.[85]

St. Bernard Citizens, therefore, is not relevant to this case and does not support BCW's argument because it did not involve the issue of whether the government was diligently prosecuting its lawsuit that it filed before the citizen suit was filed.

> **(2)** **In *Yadkin Riverkeeper, Inc. v. Duke Energy Carolinas, LLC*, the government lawsuit had been on file for over a year with little activity, while the United States' Lawsuit was on file for less than nine hours.**

BCW contends that in *Yadkin Riverkeeper*, the district court found no diligent prosecution when the court overseeing a preexisting enforcement action "imposed a stay on all discovery, [the] government asked to expand that stay to cover all litigation, and no depositions, motions practice, or even a scheduling conference had taken place."[86]

What BCW failed to tell this Court is that in *Yadkin Riverkeeper*, the government lawsuit had been on file for over a year before the citizen suit was filed, and it was in this procedural context that the court issued its opinion.[87]  The court held that during the year that the government lawsuit had been pending, the government had "done little, if anything, to move the case forward. It had not taken depositions, it had not filed motions, and an initial case management order was

---

[82] *Id*. at 767.

[83] *Id*.; 33 U.S.C. § 1365.

[84] *St. Bernard Citizens*, 348 F. Supp. 2d at 767-68.

[85] *Id*. at 768.

[86] Doc. 10 at ¶ 38; *see also* Doc. 11 at 12.

[87] *Yadkin Riverkeeper*, 141 F. Supp. 3d at 442.

not yet in place, one year into litigation."[88]  The court held that at the time the citizen suit was filed, "there appeared little likelihood that [the government lawsuit] would proceed expeditiously to a final resolution."[89]  Based on the government's inaction in the case for a year, the court held that it could not hold that the government "was trying diligently or that its state enforcement action was calculated, in good faith, to require compliance with the Act."[90]  The court, therefore, held that the government lawsuit did not bar the citizen suit.[91]

The *Yadkin Riverkeeper* case made clear that the government's lawsuit is presumed to be diligent and the plaintiff bringing a citizen suit must overcome that presumption.[92]  The *Yadkin Riverkeeper* court held that the "standard for citizen-plaintiffs to overcome the presumption of diligence is high."[93]

In this case, the United States' lawsuit was on file for less than nine hours—not for a year. While the government's failure to file any motions or seek discovery during the year the *Yadkin Riverkeeper* case was on file showed a lack of diligent prosecution, the same cannot be said about the United States' actions during the night of September 20-21, 2018.  BCW has not alleged sufficient facts to carry its heavy burden of overcoming the presumption in favor of diligent prosecution, and the *Yadkin Riverkeeper* case does not help its cause.

> **(3)**   **In *Ohio Valley Envtl. Coal Inc. v. Hobet Mining LLC*, the government lawsuit had also been on file for over a year with little activity, while the United States' Lawsuit was on file for less than nine hours.**

BCW contends that in *Ohio Valley*, the district court found no diligent prosecution when

---

[88] *Id.*

[89] *Id.*

[90] *Id.*

[91] *Id.*

[92] *Id.* at 441.

[93] *Id.*

the "government action was dormant for over a year, involved only amendments to the complaint, and sped up only upon the filing of the citizen suit."[94]

As BCW admits, *Ohio Valley* involved a government lawsuit that had been on file for over a year, while the United States' lawsuit was on file for less than nine hours before BCW filed suit. *Ohio Valley* recognized that the "burden for proving non-diligence is heavy."[95]  The *Ohio Valley* court held that a government lawsuit was not being diligently prosecuted if the lawsuit "was not capable of requiring compliance or was not in good faith calculated to do so."[96]

Applying *Ohio Valley*, BCW has not alleged sufficient facts to carry its "heavy" burden to show that the United States was not diligently prosecuting the lawsuit that it had filed less than nine hours earlier.  BCW has certainly not alleged facts showing that the United States' Lawsuit "was not capable of requiring compliance or was not in good faith calculated to do so."[97]

### 4.    BCW's pleadings do not establish that the United States was not diligently prosecuting its lawsuit at the time BCW filed its citizen suit.

This Court should dismiss BCW's citizen suit because it has not adequately alleged that the United States was not diligently prosecuting the lawsuit during the less than nine hours after the United States' Lawsuit was filed and BCW filed its citizen suit.

BCW alleged facts regarding the United States' actions before the United States filed suit, but those are not relevant to whether the United States was diligently prosecuting its lawsuit.[98] The only fact that BCW alleges regarding the United States' prosecution of its lawsuit is that the

---

[94] Doc. 10 at ¶ 38; *see also* Doc. 11 at 12.

[95] *Ohio Valley*, 2008 WL 5377799, at *4.

[96] *Id.* at *5.

[97] *Id.*

[98] Doc. 11 at 11-12; *see* § II(B) above; 33 U.S.C. § 1365(b)(1)(B).

18

United States sought a stay so that it could continue settlement negotiations.[99]

The fact that the United States requested a stay to allow settlement negotiations to continue is insufficient to overcome the presumption that the United States was diligently prosecuting its lawsuit.[100]  Federal courts have held that attempting to resolve a case through settlement is diligent prosecution and that courts should not interpret the Clean Water Act's diligent prosecution provision "in a manner that would undermine the EPA's ability to reach voluntary settlements with defendants."[101]  Therefore, showing that the United States requested a stay to allow settlement negotiations fails to meet the "high standard" required to establish that the United States is not diligently prosecuting the lawsuit it brought.[102]  The City, the United States, and others have been engaged in extensive settlement discussions to attempt to resolve their remaining differences and have complied with Judge Werlein's order to report on the status of those discussions.  There is no credible argument that Judge Werlein abused his discretion or is not adequately supervising the United States' Lawsuit against the City.  Given the "great deference" courts show to the United States' prosecution of its lawsuits, BCW has failed to adequately allege a lack of diligent prosecution.[103]

The United States' Lawsuit "is capable of requiring compliance with the Act and is

---

[99] Doc. 11 at 13.

[100] *Friends of Milwaukee's Rivers*, 382 F.3d at 760 ("diligence on the part of the State is presumed").

[101] *Karr*, 475 F.3d at 1198;  *see Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 614 (D. Md. 2011) ("should not interpret the scope of the 'diligent prosecution' bar "in a manner that would undermine the [government agency's] ability to reach voluntary settlements with defendants.'") (citing *Karr*; alterations in original); *Hudson Riverkeeper Fund, Inc. v. Harbor at Hastings Associates*, 917 F. Supp. 251, 256 (S.D.N.Y. 1996) (prosecution was diligent when "the parties to the state actions have been engaged in significant settlement discussions which may in themselves lead to the clean up of the site").

[102] *Karr*, 475 F.3d at 1198 ("Citizen-plaintiffs must meet a high standard to demonstrate that it has failed to prosecute a violation diligently"); *Piney Run*, 523 F.3d at 459.

[103] *Karr*, 475 F.3d at 1198 ("The burden is heavy, because the enforcement agency's diligence is presumed.") (quoting *Williams Pipe Line Co. v. Bayer Corp.*, 964 F. Supp. 2d 1300, 1324 (S.D. Iowa 1997)); *Cambridge Envtl. Health Cmty. & Dev. Group v. City of Cambridge*, 115 F. Supp. 2d 550, 554 (D. Md. 2000) ("Most courts considering the diligence of a state or federal prosecution have exhibited substantial deference for the agency's process.").

calculated to do so."[104]  Judge Werlein determined that the stay "is in the best interest of judicial economy and will facilitate settlement."[105]  In his stay order, Judge Werlein required the parties to file a report on the progress of settlement negotiations every 45 days.[106]  On November 8, 2018, the United States filed a report with Judge Werlein regarding settlement negotiations.[107]  At the end of their November settlement meeting, the United States and the City scheduled two telephone conference calls during the month of November involving professional and technical staff representatives.[108]  The United States and the City scheduled their next face-to-face meeting to take place in Houston on December 13-14, 2018.[109]  The stay to allow settlement negotiations, therefore, is consistent with the United States' Lawsuit seeking compliance with the Clean Water Act, so the United States is diligently prosecuting its lawsuit.

Because BCW failed to adequately allege that the United States was not diligently prosecuting its lawsuit during the nine hours the case was on file before BCW filed its citizen suit, its claims are statutorily barred and should be dismissed.

**B.     This Court should not allow BCW to replead because any claim that the United States is not diligently prosecuting its lawsuit against the City would be futile.**

BCW may request to replead to provide additional support for its claim that the United States is not diligently prosecuting the United States' Lawsuit.  This Court should not allow BCW to replead because any repleading would be futile.[110]

---

[104] *Friends of Milwaukee's Rivers*, 382 F.3d at 759 (internal quotations omitted); *Piney Run*, 523 F.3d at 459 ("A CWA enforcement prosecution will ordinarily be considered 'diligent' if the judicial action is capable of requiring compliance with the Act and is in good faith calculated to do so") (internal quotations omitted); *Black Warrior Riverkeeper, Inc. v. Se. Cheese Corp.*, CV 16-0083-KD-B, 2017 WL 359194, at *6 (S.D. Ala. Jan. 24, 2017).

[105] United States Lawsuit Doc. 8 at 1.

[106] *Id.*

[107] United States' Lawsuit Doc. 19.

[108] *Id.* at 7.

[109] *Id.*

[110] *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Molin v. Fremont Inv. & Loan*, No. H-13-2394, 2013 WL 6732043, at

In its motion to dismiss, the City explained that this Court should not allow BCW to replead because any claim that the United States was not diligently prosecuting its lawsuit against the City would be futile.[111]  BCW chose to replead before responding to the City's motion to dismiss.[112]

BCW, therefore, has had an opportunity to replead in response to the City's motion to dismiss.  BCW's pleadings reflect its considered response to the issues raised in the City's motion to dismiss.  Because BCW's amended pleadings still fail to adequately allege that the United States is not diligently prosecuting its lawsuit, any further amendment by BCW would be futile.

### VIII. Conclusion

This Court should dismiss BCW's claims under Rule 12(b)(1) for lack of subject-matter jurisdiction and under Rule 12(b)(6) for failure to state a claim on which relief can be granted. This Court should not allow BCW to replead because it has repled once already any further repleading would be futile.

---

*3 (S.D. Tex. Dec. 19, 2013).

[111] Doc. 7 at 11-13; *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Molin v. Fremont Inv. & Loan*, No. H-13-2394, 2013 WL 6732043, at *3 (S.D. Tex. Dec. 19, 2013).

[112] Doc. 10.

Respectfully submitted,

/s/ Debra Tsuchiyama Baker
Debra Tsuchiyama Baker
*Attorney-in-Charge*
Texas Bar No. 15089600
Southern District No. 6943
BAKER • WOTRING LLP
700 JPMorgan Chase Tower
600 Travis
Houston, Texas 77002
Tel. (713) 980-1700
Fax  (713) 980-1701
dbaker@bakerwotring.com

Of Counsel:
Ronald C. Lewis
City Attorney
CITY OF HOUSTON LEGAL DEPARTMENT

Tiffany Bingham
Senior Assistant City Attorney
Texas Bar No. 1077536
Southern District No. 24012287
900 Bagby, 4th Floor
Houston, Texas 77002
Tel.: (832) 393-6445
Fax: (832) 393-6259
Tiffany.Bingham@houstontx.gov

Earnest W. Wotring
Texas Bar No. 22012400
Southern District No. 15284
John Muir
Texas Bar No. 14630477
Southern District No. 9404
David George
Texas Bar No. 00793212
Southern District No. 19330
BAKER • WOTRING LLP
700 JPMorgan Chase Tower
600 Travis
Houston, Texas 77002
Tel. (713) 980-1700
Fax  (713) 980-1701
ewotring@bakerwotring.com
jmuir@bakerwotring.com
dgeorge@bakerwotring.com

ATTORNEYS FOR DEFENDANT
CITY OF HOUSTON

22

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2018, a copy of the above document was served on all counsel of record via the Court's electronic filing system.

> David Frederick
> Eric Allmon
> Lauren Ice
> FREDERICK, PERALES, ALLMON & ROCKWELL PC
> 1206 San Antonio Street
> Austin, Texas 78701
> dof@lf-lawfirm.com
> eallmon@lf-lawfirm.com
> lauren@lf-lawfirm.com
>
> Kristen Schlemmer
> BAYOU CITY WATERKEEPER
> 2010 N. Loop West, Suite 275
> Houston, Texas 77018
> kristen@bayoucitywaterkeeper.org

> */s/ Debra Tsuchiyama Baker*
> Debra Tsuchiyama Baker

**CERTIFICATE OF CONFERENCE**

I hereby certify that on December 21, 2018, I conferred with Plaintiff Bayou City Waterkeeper's counsel Lauren Ice.  She informed me that her client opposes the Court granting the relief requested in this motion.

> */s/ David George*
> David George

23