**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **BAYOU CITY WATERKEEPER** | § | |
|    **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:18-cv-03369** |
| | § | |
| **CITY OF HOUSTON** | § | |
|    **Defendant** | § | |

# DEFENDANT CITY OF HOUSTON'S REPLY SUPPORTING ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER RULE 12(b)(1) AND RULE 12(b)(6)

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant City of Houston (the "City") files this Reply Supporting its Motion to Dismiss Plaintiff Bayou City Waterkeeper's ("BCW") claims in its First Amended Complaint for (1) lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and (2) failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

In support of its motion, the City would respectfully show this Court as follows:

TABLE OF CONTENTS

I.    Summary ..................................................................................................... 4

II.   Diligent Prosecution Looks Only at Events After the United States Filed Suit, but
      BCW Incorrectly Bases its Argument on Events Occurring Before the United States
      Filed Suit ................................................................................................. 6

III.  BCW has not Pled Facts Sufficient to Support its Claim that the United States  was not
      Diligently Prosecuting the Lawsuit it had Filed Just Hours Before ..................................... 8

      A.    BCW has a heavy burden because the Unites States' lawsuit is presumed to
            be diligently prosecuted and great deference is given to the United States'
            litigation decisions. ................................................................................. 8

      B.    The presumption of diligent prosecution is based on the EPA's and state
            agencies' roles as the primary enforcers of the Clean Water Act. .......................... 9

      C.    BCW must show that the United States was not diligently prosecuting its
            lawsuit at the time BCW filed its citizen suit and it cannot do so. ....................... 12

      D.    The cases BCW relies on do not support its argument that the United States
            failed to diligently prosecute the lawsuit during the overnight hours of
            September 20-21, 2018. ............................................................................. 12

      E.    BCW's pleadings do not establish that the United States was not diligently
            prosecuting its lawsuit at the time BCW filed its citizen suit. .............................. 13

IV.   This Court Should Dismiss Under Both Rule 12(b)(1) and Rule 12(b)(6) .......................... 17

V.    BCW Appears to Be Attempting to Maintain its Statutorily Barred Citizen Suit in an
      Attempt to get Attorneys' Fees it would not be Entitled to as an Intervenor ..................... 18

VI.   This Court Should Not Allow BCW to Replead Because It has Repled Once and any
      Claim that the United States is not Diligently Prosecuting  its Lawsuit Against the City
      would be Futile ......................................................................................... 19

VII.  Conclusion ............................................................................................... 19

### TABLE OF AUTHORITIES

*Cases*

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................. 8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................... 8

*Black Warrior Riverkeeper, Inc. v. Se. Cheese Corp.*, CV 16-0083-KD-B, 2017 WL 359194 (S.D. Ala. Jan. 24, 2017)................................................................. 9, 16

*Cambridge Envtl. Health Cmty. & Dev. Group v. City of Cambridge*, 115 F. Supp. 2d 550 (D. Md. 2000)................................................................................................. 9, 14

*Friends of Milwaukee's Rivers v. Milwaukee Metro. Sewarage Dist.*, 382 F.3d 743 (7th Cir. 2004) .................................................................................... 5, 8-9, 14, 16

*Glazer v. Am. Ecology Envtl. Servs. Corp.*, 894 F. Supp. 2d 1029 (E.D. Tex. 1995) ................. 12

*Karr v. Hefner*, 475 F.3d 1192 (10th Cir. 2007)................................................ 5, 9, 14

*Piney Run Pres. Ass'n v. County Comm'rs of Carroll County*, 523 F.3d 453 (4th Cir. 2008).. 5, 9, 16

*Texans United for a Safe Econ. Educ. Fund v. Crown Cent. Petroleum Corp.*, 207 F.3d 789 (5th Cir. 2000) .......................................................................................... 7

*United States v. Albert Inv. Co., Inc.*, 585 F.3d 1386 (10th Cir. 2009) .......................... 18

*Williams Pipe Line Co. v. Bayer Corp.*, 964 F. Supp. 2d 1300 (S.D. Iowa 1997) .................. 9, 14

*Ziegler v. Champion Mortg. Co.*, 913 F.2d 228 (5th Cir. 1990).................................... 18

*Statutes*

33 U.S.C. § 1365(b)(1)(B) ......................................................... 4-5, 7, 12-13, 19

33 U.S.C. § 1365(d) ................................................................................ 18

*Rules*

FED. R. CIV. P. 12(b)(1) .......................................................................... 1, 17, 19

FED. R. CIV. P. 12(b)(6) .......................................................................... 1, 17, 19

# I.  Summary

In its motion to dismiss, the City explained that BCW's citizen suit under the federal Clean Water Act is statutorily barred because it was filed after the United States had already sued the City for those same alleged violations and the United States' enforcement actions constitute diligent prosecution under the statute.[1]  BCW does not dispute that the United States' Lawsuit was filed before its citizen suit and that, under the Clean Water Act, the United States' Lawsuit prior filing can statutorily bar its citizen suit.[2]  Instead, BCW tries to get around the statutory bar by taking the disingenuous position of claiming the United States was not diligently prosecuting the case it filed just hours earlier.[3]  As shown below, BCW is simply wrong and its citizen suit is specifically barred by the Clean Water Act.

The United States sued the City under the Clean Water Act on September 20, 2018, at 10:23 pm.[4]  Despite the United States' filing of its suit and the Clean Water Act bar on subsequent suits, BCW went ahead and filed this citizen suit against the City early the next morning, September 21, 2018, at 6:48 am.[5]  The United States sought a stay in its lawsuit so that the United States, the State of Texas, and the City could conclude ongoing settlement negotiations that were nearing completion.   Judge Werlein issued an Order Staying Litigation Pending Settlement Negotiations, noting that it appeared to the Court "that granting said motion is in the best interest

---

[1] Doc. 13; 33 U.S.C. § 1365(b)(1)(B); *United States v. City of Houston*, No. 4:18-CV-3368 (S.D. Tex.) ("United States' Lawsuit") Doc. 1.

[2] Doc. 16.

[3] *Id*.

[4] United States' Lawsuit Doc. 1 (court records show the time suit was filed, but the filing time is not included on the docket itself; this Court can take judicial notice of the time of electronic filing).

[5] Doc. 1 (court records show the time suit was filed, but the filing time is not included on the docket itself; this Court can take judicial notice of the time of electronic filing).

of judicial economy and will facilitate settlement."[6]  BCW now argues to this Court that because the United States sought the stay granted by Judge Werlein to allow settlement discussions to conclude, the United States was not diligently prosecuting its lawsuit that it had just filed.[7]

BCW incorrectly bases most of its diligent-prosecution argument on events that took place *before* the United States filed suit, which is the wrong standard.[8]  Rather, under the Clean Water Act, the issue is whether the United States diligently prosecuted its lawsuit against the City *after* the lawsuit was filed and before BCW filed its subsequent citizen suit.[9]  That was a period of less than nine hours.  Because BCW cannot argue that the United States was not diligent in prosecuting a lawsuit that was on file for just one night, it improperly tries to persuade this Court to look instead at what the United States did or did not do before it filed suit.

The United States is presumed to be diligently prosecuting its lawsuit, and BCW must meet a high standard to establish that the United States was not diligent.[10]  Faced with the fact that it cannot allege facts which overcome the presumption of diligent prosecution or meet the high standard to establish that the United States was not diligent, BCW now tries to claim that the presumption of diligence is a product of a Rule 12(b)(1) jurisdictional analysis and cannot be applied in the context of a Rule 12(b)(6) motion.[11]  BCW is wrong.

The presumption of diligent prosecution and the deference given to government decisions

---

[6] United States' Lawsuit Doc. 2; United States' Lawsuit Doc. 8.

[7] Doc. 16 at 15-17.

[8] *Id*.

[9] 33 U.S.C. § 1365(b)(1)(B).

[10] *Friends of Milwaukee's Rivers v. Milwaukee Metro. Sewerage Dist.*, 382 F.3d 743, 760 (7th Cir. 2004) ("diligence on the part of the State is presumed"); *Karr v. Hefner*, 475 F.3d 1192, 1198 (10th Cir. 2007) ("Citizen-plaintiffs must meet a high standard to demonstrate that it has failed to prosecute a violation diligently"); *Piney Run Pres. Ass'n v. County Comm'rs of Carroll County*, 523 F.3d 453, 459 (4th Cir. 2008).

[11] Doc. 16 at 10-12.

in prosecuting Clean Water Act cases stems from the status of the EPA and the state regulatory agencies as the primary enforcers of the Clean Water Act.[12]  None of the cases relied on by BCW stand for the proposition that the presumption of diligence is a product of a Rule 12(b)(1) analysis, or that it does not apply to the City's 12(b)(6) motion.

The cases that BCW relies on to support its lack-of-diligent-prosecution claim are not on point, because in those cases the courts only found a lack of diligent prosecution when the government cases had been on file for over a year with little progress.[13]  Given the presumption of diligent prosecution and the high standard needed to show that no diligent prosecution exists, BCW cannot credibly allege that the United States was not diligently prosecuting the lawsuit that had been on file for less than nine hours because it sought a stay to allow the completion of settlement discussions in progress.[14]  BCW, therefore, has failed to allege facts to support its claim that the United States is not diligently prosecuting its lawsuit.

This Court, therefore, should dismiss BCW's claims because they are statutorily barred. This Court should not allow BCW to amend to replead because it has already repled once and any further repleading would be futile.

## II.  Diligent Prosecution Looks Only at Events After the United States Filed Suit, but BCW Incorrectly Bases its Argument on Events Occurring Before the United States Filed Suit

In its response to the City's motion to dismiss, BCW improperly argues that the United States was not diligently prosecuting its lawsuit based on events that took place before the United

---

[12] *Friends of Milwaukee's Rivers v. Milwaukee Metro. Sewarage Dist.*, 382 F.3d at 760; *Piney Run Pres. Ass'n*, 523 F.3d at 459.

[13] Doc. 16 at 16; *Yadkin Riverkeeper, Inc. v. Duke Energy Carolinas, LLC*, 141 F. Supp. 3d 428, 442-43 (M.D.N.C. 2015); *Ohio Valley Envtl. Coal Inc. v. Hobet Mining LLC*, No. 3:08–0088, 2008 WL 5377799, at *5–6 (S.D.W. Va. Dec. 18, 2008).

[14] Doc. 16 at 15-17.

States even filed its lawsuit.[15]  BCW argues that the United States' prosecution of its just-filed lawsuit was not diligent because the United States' "negotiations with the City over its wastewater treatment and collection problems already had lasted several years."[16]  BCW even argues that the United States' prosecution of its hours-old lawsuit was not diligent because Hurricane Harvey delayed negotiations.[17]  BCW further claims that the United States' prosecution was not diligent because the City "points to no progress" made in the several years of negotiations *before* BCW filed its citizen suit.[18]

But BCW cannot establish lack of diligent prosecution based on events that took place before the United States filed suit.  The issue is whether the United States was diligently prosecuting the United States' Lawsuit at the time BCW filed its citizen suit—not whether the United States had been diligently addressing the issues raised in the United States' Lawsuit in the time period before it filed suit.[19]  The Clean Water Act's diligent-prosecution provision states that the citizen suit is barred if the United States or a state has filed suit over the same issues and "is diligently prosecuting a civil or criminal action in a court of the United States, or a State."[20]  A "civil action" is a lawsuit, and the Fifth Circuit has held that this provision applies only when lawsuits have been filed.[21]  It is impossible to diligently prosecute a lawsuit that has not yet been

---

[15] Doc. 16 at 14-17.

[16] *Id*. at 14 (internal quotation omitted).

[17] *Id*.   The City also notes that BCW's response is littered with numerous false allegations, inaccuracies and misstatements about the negotiations between the City, State and United States in the time prior to the filing of the United States' lawsuit.  Because the time period prior to the filing of the United States lawsuit is irrelevant to the issue of diligent prosecution, the City will not address each of those misrepresentations in this motion but disagrees with BCW's mischaracterizations of events.

[18] *Id.* at 2.

[19] 33 U.S.C. § 1365(b)(1)(B) (citizen suit barred if government "is diligently prosecuting a civil or criminal action in a court of the United States, or a State"); *Texans United for a Safe Econ. Educ. Fund v. Crown Cent. Petroleum Corp.*, 207 F.3d 789, 795 (5th Cir. 2000).

[20] 33 U.S.C. § 1365(b)(1)(B).

[21] FED. R. CIV. P. 2 ("There is one form of action–the civil action."); *Texans United*, 207 F.3d at 795.

filed, so it is only actions that took place after the United States filed suit that are at issue.

Therefore, the issue before this Court is extremely narrow:  Has BCW adequately alleged that the United States was not diligently prosecuting its lawsuit between the time when it was filed on the evening of September 20, 2018, and when BCW filed its citizen suit the next morning on September 21, 2018?  As explained below, the answer is no.  BCW has not adequately alleged— and cannot allege—that the United States failed to diligently prosecute its lawsuit in the less than nine hours during the night of September 20-21, 2018, when the United States' lawsuit was on file before BCW filed its citizen suit.

### III.   BCW has not Pled Facts Sufficient to Support its Claim that the United States was not Diligently Prosecuting the Lawsuit it had Filed Just Hours Before

BCW's citizen suit is statutorily barred and should be dismissed because it has failed to plead facts supporting its claim that the United States was not diligently prosecuting the lawsuit that it had filed less than nine hours earlier.  Because of the presumption of diligent prosecution and the high standard needed to show lack of diligent prosecution, BCW cannot establish that the United States was not diligently prosecuting the lawsuit it filed less than nine hours earlier.

### A.   BCW has a heavy burden because the Unites States' lawsuit is presumed to be diligently prosecuted and great deference is given to the United States' litigation decisions.

An examination of BCW's burden to establish that the United States is not diligently prosecuting its lawsuit shows why BCW's pleadings fail to allege facts sufficient to support its claim that the United States' prosecution is not diligent.[22]

It is well established that courts presume that the government lawsuit is being diligently prosecuted.[23]  Federal appellate courts have held that a plaintiff bringing a Clean Water Act citizen

---

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[23] *Friends of Milwaukee's Rivers*, 382 F.3d at 760 ("diligence on the part of the State is presumed").

suit must meet a "high standard" to establish that the government is not diligently prosecuting the lawsuit it brought.[24]   Courts, therefore, give "great deference" to the government's prosecution of its lawsuit.[25]   A government suit is diligent "if the judicial action is capable of requiring compliance with the Act and is calculated to do so."[26]

**B.     The presumption of diligent prosecution is based on the EPA's and state agencies' roles as the primary enforcers of the Clean Water Act.**

Faced with trying to overcome the presumption of diligent prosecution, BCW now claims—with no supporting authority—that the presumption of diligence or deference to government decisions in Clean Water Act prosecutions does not apply to a Rule 12(b)(6) motion to dismiss.[27]

Similarly, also without citing to any supporting authority, BCW now claims that because of the Fifth Circuit's decision in *Louisiana Environmental Action Network v. City of Baton Rouge*,[28] government prosecutions of Clean Water Act claims should no longer be presumed to be diligent and courts should give no deference to the government's prosecution of these cases.[29]

Neither of these assertions are supported by either the Clean Water Act or the case law. The City's motion to dismiss acknowledges that under the Fifth Circuit's ruling in *Louisiana*

---

[24] *Karr*, 475 F.3d at 1198 ("Citizen-plaintiffs must meet a high standard to demonstrate that it has failed to prosecute a violation diligently"); *Piney Run*, 523 F.3d at 459.

[25] *Karr*, 475 F.3d at 1198 ("The burden is heavy, because the enforcement agency's diligence is presumed.") (quoting *Williams Pipe Line Co. v. Bayer Corp*., 964 F. Supp. 2d 1300, 1324 (S.D. Iowa 1997)); *Cambridge Envtl. Health Cmty. & Dev. Group v. City of Cambridge*, 115 F. Supp. 2d 550, 554 (D. Md. 2000) ("Most courts considering the diligence of a state or federal prosecution have exhibited substantial deference for the agency's process.").

[26] *Friends of Milwaukee's Rivers*, 382 F.3d at 759 (internal quotations omitted); *Piney Run*, 523 F.3d at 459 ("A CWA enforcement prosecution will ordinarily be considered 'diligent' if the judicial action is capable of requiring compliance with the Act and is in good faith calculated to do so") (internal quotations omitted); *Black Warrior Riverkeeper, Inc. v. Se. Cheese Corp*., CV 16-0083-KD-B, 2017 WL 359194, at *6 (S.D. Ala. Jan. 24, 2017).

[27] Doc. 16 at 11.

[28] *Louisiana Envtl. Action Network v. City of Baton Rouge*, 677 F.3d 737 (5th Cir. 2012).

[29] Doc. 16 at 11-12.

*Environmental Action Network,* the "diligent prosecution" provision is not jurisdictional and should be reviewed under Rule 12(b)(6) not 12(b)(1).[30]  But whether deference is given to government decisions in Clean Water Act prosecutions, or whether governmental prosecutions are presumed to be diligent, is never raised in *Louisiana Environmental Action Network,* and nothing in the Fifth Circuit's opinion suggests that the presumption of diligence no longer applies.[31]

The basis of the presumption of diligence is the EPA's and state agencies' roles as the primary enforcers of the Clean Water Act.  None of the cases cited in BCW's response support BCW's claim that the presumption of diligence and the deference given to government prosecutions were based on the courts review of diligent prosecution as jurisdictional.[32]

BCW claims that Seventh Circuit's *Friends of Milwaukee's Rivers* decision based its finding of diligent prosecution on the assumption that the diligent prosecution bar was jurisdictional.[33]  But the Seventh Circuit recognized that "diligence on the part of the State is presumed."[34]  The Seventh Circuit explained that this presumption exists because of the intended role of the State as the primary enforcer of the Clean Water Act and because courts are not in the business of designing, constructing or maintaining sewage treatment systems.[35]

The two other cases cited by BCW also note that the Clean Water Act gives primary enforcement authority to EPA and state enforcement agencies.[36]  The Tenth Circuit's opinion in

---

[30] Doc. 13 at 12.

[31] *Louisiana Envtl. Action Network*, 677 F.3d at 737.

[32] Doc. 16 at 11.

[33] *Id.*

[34] *Friends of Milwaukee's Rivers*, 382 F.3d at 760.

[35] *Id.* (citing *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.,* 484 U.S. 49, 60 (1987) and *North & S. Rivers Watershed Ass'n v. Scituate,* 949 F.2d 552, 557 (1st Cir. 1991)).

[36] *Karr v. Hefner*, 475 F.3d 1192, 1197 (10th Cir. 2007) ("The CWA gives primary enforcement authority to the EPA and state enforcement agencies."); *The Piney Run Pres. Ass'n v. The County Com'rs Of Carroll County, MD*, 523 F.3d 453, 459 (4th Cir. 2008) (The presumption of diligence "is due not only to the intended role of the government as the primary enforcer of the CWA, but also to the fact that courts are not in the business of designing, constructing

*Karr v. Hefner* discussed the standard for diligent prosecution at length and concluded that federal courts' "evaluation of the EPA's diligence is quite deferential. Citizen-plaintiffs must meet a high standard to demonstrate that it has failed to prosecute a violation diligently."[37]

In *The Piney Run Pres. Association*, the Fourth Circuit reiterated that the presumption of diligence is due to the intended role of the government as the primary enforcer of the Clean Water Act.[38] The Fourth Circuit held that citizen-suit plaintiffs cannot overcome the presumption of diligence merely by showing that the agency's prosecution is less aggressive than they would like or did not produce the same result they were seeking.[39]

Cases reviewing the issue of diligent prosecution after *Louisiana Environmental Action Network* have continued to apply the presumption of diligence. In *Coosa Riverkeeper, Inc. v. Oxford Water Works & Sewer Board.,* the district court applied the Fifth Circuit's reasoning in *Louisiana Environmental Action Network* when evaluating the diligent prosecution defense under Rule 12(b)(6).[40] In its evaluation of the diligent prosecution standard under Rule 12(b)(6), the court reiterated the well-settled rule that the burden of proving the government's prosecution is not diligent is heavy because the enforcement agency's diligence is presumed.[41]

BCW offers no authority for its novel proposition that the presumption of diligence should not be afforded the United States' lawsuit when analyzing the diligent prosecution standard under

---

or maintaining sewage treatment systems.") (internal citation omitted).

[37] *Karr*, 475 F.3d at 1197–98 (internal citations omitted). Contrary to BCW's assertion, the court in *Karr* did not base the dismissal on lack of subject-matter jurisdiction. Neither the district court's order or the opinion in the Court of Appeals ever mention subject-matter jurisdiction or rule 12(b)(1) in discussing the claims dismissed because of diligent prosecution under 1365.

[38] *The Piney Run Pres. Ass'n*, 523 F.3d at 459.

[39] *Id.*.

[40] *Coosa Riverkeeper, Inc. v. Oxford Water Works & Sewer Bd.*, 2:16-CV-01737-JEO, 2017 WL 2619087, at *5 (N.D. Ala. June 16, 2017)

[41] *Id.*

Rule 12(b)(6).  The presumption arises from the Clean Water Act's structure, which gives the primary enforcement duties to the EPA and state enforcement agencies.  This presumption does not change depending on whether the court is reviewing the motion to dismiss under Rule 12(b)(1) or Rule 12(b)(6).

**C.     BCW must show that the United States was not diligently prosecuting its lawsuit at the time BCW filed its citizen suit and it cannot do so.**

The Clean Water Act prohibits a citizen suit if the United States or a state "has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order."[42]  As BCW recognizes, the issue is whether the United States was diligently prosecuting its lawsuit "at the time that the citizen suit was filed."[43]  So BCW's citizen suit is barred if:

- The United States filed suit regarding the same issues before BCW filed its citizen suit; and

- The United States was diligently prosecuting its lawsuit at the time BCW filed its citizen suit.[44]

BCW does not dispute that the United States filed suit regarding the same issues before BCW filed its citizen suit.[45]  So the only issue is whether the United States was diligently prosecuting its lawsuit at the time BCW filed its citizen suit.  It was.

**D.     The cases BCW relies on do not support its argument that the United States failed to diligently prosecute the lawsuit during the overnight hours of September 20-21, 2018.**

In its response, BCW relies on two of the three cases cited in its First Amended Complaint to try to support its argument that the United States did not diligently prosecute the United States'

---

[42] 33 U.S.C. § 1365(b)(1)(B).

[43] Doc. 16 at 12 (quoting *Glazer v. Am. Ecology Envtl. Servs. Corp.*, 894 F. Supp. 2d 1029, 1037 (E.D. Tex. 1995)).

[44] 33 U.S.C. § 1365(b)(1)(B); Doc. 16 at 9, 12.

[45] Doc. 16 at 4.

Lawsuit:

- *Yadkin Riverkeeper, Inc. v. Duke Energy Carolinas, LLC*, 141 F. Supp. 3d 428, 442-43 (M.D.N.C. 2015); and

- *Ohio Valley Envtl. Coal Inc. v. Hobet Mining LLC*, No. 3:08–0088, 2008 WL 5377799, at *5–6 (S.D.W. Va. Dec. 18, 2008).[46]

Neither of these cases support BCW's argument that the United States did not diligently prosecute its lawsuit during the overnight hours of September 20-21, 2018.[47]  Instead, these cases establish the opposite.

As the City explained in its motion to dismiss, BCW's own cases show that no court could find that the United States failed to diligently prosecute its lawsuit in the less than nine hours during the night of September 20-21, 2018, when the United States' Lawsuit was on file before BCW filed its citizen suit.[48]

**E.     BCW's pleadings do not establish that the United States was not diligently prosecuting its lawsuit at the time BCW filed its citizen suit.**

This Court should dismiss BCW's citizen suit because it has not adequately alleged that the United States was not diligently prosecuting the lawsuit during the less than nine hours after the United States' Lawsuit was filed and BCW filed its citizen suit.

BCW makes allegations regarding the United States' actions before the United States filed suit, but those are not relevant to whether the United States was diligently prosecuting its lawsuit.[49]

---

[46] *Id*. at 8, 14, 16-17; Doc. 10 at 10.  BCW relies on these same three cases in its First Amended Complaint.  Doc. 10 at ¶ 38.

[47] In BCW's First Amended Complaint, and its response to the City's original motion to dismiss, BCW also relied upon *St. Bernard Citizens for Envtl. Quality, Inc. v. Chalmette Refining, LLC*, 348 F. Supp. 2d 765, 768 (E.D. La. 2004). Doc. 10 at ¶ 38.  In its motion to dismiss BCW's First Amended Complaint, the City explained that *Chalmette Refining* was not even a diligent-prosecution case, so the case does not support BCW's argument in any way.  Doc. 13 at 15-16.  Apparently agreeing with the City that *Chalmette Refining* is not relevant, BCW no longer cites *Chalmette Refining*.

[48] Doc. 13 at 14-18.

[49] Doc. 11 at 11-12; *see* § II(B) above; 33 U.S.C. § 1365(b)(1)(B).

The only fact that BCW alleges regarding the United States' prosecution of its lawsuit is that the United States sought a stay so that it could continue settlement negotiations.[50]

The fact that the United States requested a stay to allow settlement negotiations to continue is insufficient to overcome the presumption that the United States was diligently prosecuting its lawsuit.[51]   Showing that the United States requested a stay to allow on-going settlement negotiations to continue fails to meet the "high standard" required to establish that the United States is not diligently prosecuting the lawsuit it brought.[52]   Given the "great deference" courts show to the United States' prosecution of its lawsuits, BCW has failed to adequately allege a lack of diligent prosecution.[53]

BCW asserts that Congress expected courts to "consider the [citizen suit] against the background of the agency action" at the time the BCW suit was filed.[54]   BCW then claims that based on the context and circumstances when BCW filed its citizen suit, the United States' lawsuit "was not capable of requiring compliance nor was it calculated to do so" because the stay meant the parties could "continue to negotiate at their leisure."[55]   BCW also claims that the timing of the stay request and the parties' "commitment" to keep BCW out of the settlement negotiations demonstrates the lack of good faith by the EPA and State to diligently prosecute the City's

---

[50] Doc. 11 at 13.

[51] *Friends of Milwaukee's Rivers*, 382 F.3d at 760 ("diligence on the part of the State is presumed").

[52] *Karr*, 475 F.3d at 1198 ("Citizen-plaintiffs must meet a high standard to demonstrate that it has failed to prosecute a violation diligently"); *Piney Run*, 523 F.3d at 459.

[53] *Karr*, 475 F.3d at 1198 ("The burden is heavy, because the enforcement agency's diligence is presumed.") (quoting *Williams Pipe Line Co. v. Bayer Corp*., 964 F. Supp. 2d 1300, 1324 (S.D. Iowa 1997)); *Cambridge Envtl. Health Cmty. & Dev. Group v. City of Cambridge*, 115 F. Supp. 2d 550, 554 (D. Md. 2000) ("Most courts considering the diligence of a state or federal prosecution have exhibited substantial deference for the agency's process.").

[54] Doc. 16 at 13.

[55] *Id.*

violations.[56]  All of these claims are incorrect.

Congress and federal courts are clear that the context in which this Court is to consider the question of whether there is diligent prosecution is that the EPA and state enforcement agencies have primary enforcement authority under the Clean Water Act.[57]  BCW's claim that the EPA and State are acting in bad faith because BCW has not been invited to join the face-to-face settlement discussions between the parties at the eleventh hour is baseless.

Courts have consistently held that they should not second guess how government agencies conduct Clean Water Act prosecutions, which includes the government's discretion in reaching settlements.[58]  As the Tenth Circuit noted in *Karr*, allowing the government to reach a settlement does not strip citizens of their role in the process, because they are entitled to comment on pending environmental consent decrees, just as BCW will be entitled to do in the United States' lawsuit.[59]

It is within the United States' and the State's discretion how to conduct its settlement discussions.  And contrary to BCW's claim that the parties are acting in bad faith, BCW has not been ignored in the settlement process.  The United States Department of Justice—the department in charge of the litigation and settlement discussions for EPA—has already formally addressed BCW's contentions that the parties have resisted BCWS's participation in the settlement process. On November 16, 2018, the Deputy Section Chief of Environment Enforcement for the Department of Justice wrote BCW a letter clarifying that BCW and every other public citizen

---

[56] *Id.*

[57] *Karr*, 475 F.3d at 1197.

[58] *See Gwaltney,* 484 U.S. at 60–61, 108 S.Ct. 376; *see Ark. Wildlife Fed'n v. ICI Americas, Inc.,* 29 F.3d 376, 380 (8th Cir. 1994) ("It would be unreasonable and inappropriate to find failure to diligently prosecute simply because [defendants] prevailed in some fashion or because a compromise was reached."); *Karr*, 475 F.3d at 1197-98 ("We should not interpret § 1365 in a manner that would undermine the EPA's ability to reach voluntary settlements with defendants.").

[59] *Karr*, 475 F.3d at 1197.

would be able to participate in the process, specifically explaining that EPA and TCEQ are in charge of the process and that they must go through a public participation process before requesting that the Court consider approving any final proposed settlement by the Parties.[60]   The United States and the State of Texas also extended multiple invitations to meet with BCW and did meet with BCW representatives on December 11, 2018 to hear their comments and concerns.[61]   In addition, the Department of Justice even took the further step of offering that when a proposed settlement is reached, the United States and the State will be open to meeting with BCW representatives to discuss the broad settlement terms and answer questions.[62]

Far from being bad faith, the stay and continued settlement negotiations constitute diligent prosecution because they are capable of requiring compliance with the Act and are calculated to do so.[63]   Judge Werlein determined that the stay "is in the best interest of judicial economy and will facilitate settlement."[64]   In his stay order, Judge Werlein required the parties to file a report on the progress of settlement negotiations every 45 days.[65]   On November 8, 2018, the United States filed a report with Judge Werlein detailing the progress of settlement negotiations.[66]   The United States filed a second status report with Judge Werlein on December 21, 2018, updating the court on the continued progress that was made, informing the court of additional face-to-face meetings and that the parties agreed that during the next forty-five days they expect to reach or

---

[60] United States' Lawsuit Doc. 25, Exhibit 3.

[61] United States' Lawsuit Doc. 25 at 3-4.

[62] United States' Lawsuit Doc 25, Exhibit 3.

[63] *Friends of Milwaukee's Rivers*, 382 F.3d at 759 (internal quotations omitted); *Piney Run*, 523 F.3d at 459 ("A CWA enforcement prosecution will ordinarily be considered 'diligent' if the judicial action is capable of requiring compliance with the Act and is in good faith calculated to do so") (internal quotations omitted); *Black Warrior Riverkeeper, Inc. v. Se. Cheese Corp.*, CV 16-0083-KD-B, 2017 WL 359194, at *6 (S.D. Ala. Jan. 24, 2017).

[64] United States' Lawsuit Doc. 8 at 1.

[65] *Id*.

[66] United States' Lawsuit Doc. 19.

come very close to reaching a proposed final settlement.[67]   The stay to allow settlement negotiations, therefore, is consistent with the United States' Lawsuit seeking compliance with the Clean Water Act, so the United States and the State are diligently prosecuting its lawsuit.

Because BCW failed to adequately allege that the United States was not diligently prosecuting its lawsuit during the nine hours the case was on file before BCW filed its citizen suit, its claims are statutorily barred and should be dismissed.

### IV.   This Court Should Dismiss Under Both Rule 12(b)(1) and Rule 12(b)(6)

In its motion to dismiss, the City explained that the "Fifth Circuit has held that the Clean Water Act's 'diligent prosecution' provision is not jurisdictional, so it is covered by Rule 12(b)(6) instead of Rule 12(b)(1).[68]   The City noted that "the Fifth Circuit has not addressed whether the fact that the United States had already filed suit is jurisdictional."[69]   Therefore, the City stated that it sought "to dismiss BCW's claims under both Rule 12(b)(1) and Rule 12(b)(6)."[70]

In its response to the City's motion to dismiss, BCW alleges that the City has ignored Fifth Circuit precedent and is improperly alleging that claims are jurisdictional when they are governed by Rule 12(b)(6).[71]   But BCW recognizes that the Fifth Circuit has not yet ruled that the issue of whether the government has filed suit is jurisdictional, which is the position that the City took in its motion to dismiss.[72]

The City takes no position on whether the fact that the United States had already filed suit is jurisdictional.   It merely notes that the Fifth Circuit has not yet decided the issue.   Given the

---

[67] United States' Lawsuit Doc. 23.

[68] Doc. 7 at 9 n.56.

[69] *Id*.

[70] *Id*.

[71] Doc. 11 at 8-9.

[72] *Id*.

facts of this case, the City does not believe that it matters whether the issue is jurisdictional. If the arguments in the motion to dismiss had not been raised until later in the case, the jurisdictional issue might be relevant because subject-matter jurisdiction cannot be waived.[73] But because the City raised the issues at the beginning of the lawsuit, waiver is not an issue.

The City, however, recommends that the Court base its ruling on both Rule 12(b)(1) and Rule 12(b)(6) because the Fifth Circuit has not yet clarified which rule applies to all of the issues raised in the City's motion to dismiss.

## V.  BCW Appears to Be Attempting to Maintain its Statutorily Barred Citizen Suit in an Attempt to get Attorneys' Fees it would not be Entitled to as an Intervenor

BCW has already intervened in the United States' lawsuit against the City that is pending in Judge Werlein's Court.[74] So it will have the opportunity to make its arguments on the merits of the case before Judge Werlein as an intervenor and appeal any final judgment from that court.[75] But BCW continues to argue that it can also continue to bring its separate citizen suit, even though the United States filed suit first.

Its dogged efforts to keep its statutorily barred citizen suit alive when it is already in the United States' case as an intervenor suggest that BCW is attempting to maintain its citizen suit so that it can potentially argue it should receive attorney's fees that it is not entitled to as an intervenor. The Clean Water Act allows parties bringing citizen suits to recover attorneys' fees if they are the prevailing party.[76] BCW sought attorneys' fees in its original complaint, and it is still seeking

---

[73] *Ziegler v. Champion Mortg. Co*., 913 F.2d 228, 229 (5th Cir. 1990) ("The law is also well settled that the parties cannot waive a want of subject matter jurisdiction.").

[74] United States' Lawsuit Doc. 20.

[75] *Id*.; *United States v. Albert Inv. Co., Inc*., 585 F.3d 1386, 1398 (10th Cir. 2009).

[76] 33 U.S.C. § 1365(d).

attorneys' fees in its amended complaint.[77]  A party that is barred from bringing a citizen suit can still intervene in the government's lawsuit – which BCW has done --  but the Clean Water Act does not allow the intervenor to recover attorneys' fees.[78]

BCW should not be allowed to bring a statutorily barred citizen suit in an effort to potentially recover attorneys' fees that Congress determined it was not entitled to recover.  This Court, therefore, should dismiss BCW's citizen-suit claims.

### VI.  This Court Should Not Allow BCW to Replead Because It has Repled Once and any Claim that the United States is not Diligently Prosecuting its Lawsuit Against the City would be Futile

In its motion to dismiss, the City explained that this Court should not allow BCW to replead because any claim that the United States was not diligently prosecuting its lawsuit against the City would be futile.[79]  BCW chose to replead before responding to the City's motion to dismiss.[80]

BCW, therefore, has had an opportunity to replead in response to the City's motion to dismiss.  BCW's pleadings reflect its considered response to the issues raised in the City's motion to dismiss.  Because BCW's amended pleadings still fail to adequately allege that the United States is not diligently prosecuting its lawsuit, any further amendment by BCW would be futile.

### VII.  Conclusion

This Court should dismiss BCW's claims under Rule 12(b)(1) for lack of subject-matter jurisdiction and under Rule 12(b)(6) for failure to state a claim on which relief can be granted.  This Court should not allow BCW to replead because it has already repled once and any repleading would be futile.

---

[77] Doc. 1 at ¶ 77; Doc. 10 at ¶ 78.

[78] 33 U.S.C. § 1365(b)(1)(B).

[79] Doc. 7 at 11-13.

[80] Doc. 10.

Respectfully submitted,

/s/ *Debra Tsuchiyama Baker*
Debra Tsuchiyama Baker
*Attorney-in-Charge*

Of Counsel:
Ronald C. Lewis
City Attorney
CITY OF HOUSTON LEGAL DEPARTMENT

Tiffany Bingham
Senior Assistant City Attorney
Texas Bar No. 1077536
Southern District No. 24012287
900 Bagby, 4th Floor
Houston, Texas 77002
Tel.: (832) 393-6445
Fax: (832) 393-6259
Tiffany.Bingham@houstontx.gov

Texas Bar No. 15089600
Southern District No. 6943
BAKER • WOTRING LLP
700 JPMorgan Chase Tower
600 Travis
Houston, Texas 77002
Tel. (713) 980-1700
Fax  (713) 980-1701
dbaker@bakerwotring.com

Earnest W. Wotring
Texas Bar No. 22012400
Southern District No. 15284
John Muir
Texas Bar No. 14630477
Southern District No. 9404
David George
Texas Bar No. 00793212
Southern District No. 19330
BAKER • WOTRING LLP
700 JPMorgan Chase Tower
600 Travis
Houston, Texas 77002
Tel. (713) 980-1700
Fax  (713) 980-1701
ewotring@bakerwotring.com
jmuir@bakerwotring.com
dgeorge@bakerwotring.com

ATTORNEYS FOR DEFENDANT
CITY OF HOUSTON

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2019, a copy of the above document was served on all counsel of record via the Court's electronic filing system.

David Frederick
Eric Allmon
Lauren Ice
FREDERICK, PERALES, ALLMON & ROCKWELL PC
1206 San Antonio Street
Austin, Texas 78701
dof@lf-lawfirm.com
eallmon@lf-lawfirm.com
lauren@lf-lawfirm.com

Kristen Schlemmer
BAYOU CITY WATERKEEPER
2010 N. Loop West, Suite 275
Houston, Texas 77018
kristen@bayoucitywaterkeeper.org

*/s/ Debra Tsuchiyama Baker*
Debra Tsuchiyama Baker

21