IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAYOU CITY WATERKEEPER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:18-CV-3369 |
| v. | § | JUDGE ANDREW S. HANEN |
| | § | |
| CITY OF HOUSTON, | § | |
| | § | |
| Defendant. | § | |

Plaintiff Bayou City Waterkeeper's Response to
Defendant City of Houston's First Amended Motion to Extend Discovery Stay

Bayou City Waterkeeper files this response to the defendant City of Houston's First Amended Motion to Extend Discovery Stay (Doc. 31). Because extending the stay by 90 days is not supported by good cause and will prejudice Bayou City Waterkeeper's ability to proceed with this citizen suit, Bayou City Waterkeeper asks the Court to deny the City's motion.

I. Background

This citizen suit, filed in September 2018, identifies more than 9,300 potential violations of the Clean Water Act by the City of Houston at its wastewater treatment facilities. 33 U.S.C. § 1365(a)(1). It has been on hold for more than a year while the City negotiates a consent decree of a related enforcement action, filed by the EPA and State of Texas, that covers a presumably greater number of legal violations over more than ten years. (Docs. 26, 29; *see United States et al. v. City of Houston*, No. 4:18-CV-3368 (S.D. Tex.) (Eskridge, J.) ("EPA Action").) Though the final consent decree was lodged with the district court on August 27, 2019, the EPA and State have been reviewing comments submitted by the public since November of last year.

1

The City claims negotiations over the consent decree with the EPA and the State "stretched over several years" before 2018. (Doc. 23 at 8.) During that time, Bayou City Waterkeeper's independent investigation identified more than 9,300[1] unlawful discharges, bypasses, and sanitary sewer overflows from the City's wastewater treatment system. (Amended Complaint, Doc. 10 at ¶¶ 2, 46-48, 58.)

Concerned years of delays were seriously harming local water quality and public health across the greater Galveston-Houston region, Bayou City Waterkeeper served the City with a notice of intent to sue under the Clean Water Act on July 23, 2018 (*Id.* at ¶ 8.) Fifty-nine days later, on September 20, 2018, the EPA and State filed an enforcement action in this district and simultaneously filed an unopposed motion to stay all proceedings. (*See* EPA Action, ECF No. 1, 2.) The next day, Bayou City Waterkeeper filed its original complaint in this case. (Doc. 1.) Over the City's opposition, Bayou City Waterkeeper intervened as a matter of right in the government's enforcement action. (EPA Action, ECF No. 20, Ex. A.)

The City moved to dismiss Bayou City Waterkeeper's citizen suit (Motion to Dismiss, Doc. 7), and, on February 1, 2019, the City moved to stay discovery. (Motion to Stay Discovery, Doc. 23.) During that time, Bayou City Waterkeeper served the City with its initial disclosures; the City declined to provide Bayou City Waterkeeper with its disclosures. On June 7, 2019, this Court denied the City's motion to dismiss and entered a stay on discovery until October 31, 2019 while the parties finalized and approved settlement negotiations. (Order, Doc. 26.) Despite Bayou City Waterkeeper's intervention in the EPA's enforcement action, the City refused to include the organization in settlement negotiations.

---

[1] This figure covers the City's reported discharges from July 2013 to June 2018 but excludes discharges during Hurricane Harvey, which wrought a special kind of disaster on the City's wastewater facilities, destroying two of the City's 39 wastewater treatment plants, flooding around 10 more, causing massive sewage overflows across Houston.

On August 27, 2019, the EPA and State lodged a consent decree, purporting to resolve the enforcement action without any input from Bayou City Waterkeeper as an intervenor. (*United States et al. v. City of Houston*, ECF No. 40.) Apart from listing Bayou City Waterkeeper's name in the caption, the consent decree makes no mention of Bayou City Waterkeeper's intervention or citizen suit. (*See id*; *see* Comment Letter, Exhibit 1 at 5-10 (discussing problem).)

On November 1, 2019, the City moved to extend the stay on discovery in the citizen suit until January 31, 2020. Because the public comment period had not yet expired, Bayou City Waterkeeper did not oppose this extension. On November 5, 2019, the Court extended the stay until January 31, 2020. (Motion to Stay Discovery, Doc. 29.)

On November 8, 2019, Bayou City Waterkeeper submitted a 56-page comment letter that identifies several deficiencies in the consent decree, including a failure to address Bayou City Waterkeeper's intervention and an absence of provisions to identify causes of sewer overflows identified by the City. *See* Exhibit 1 at 5-17. As of the date of this response (more than three months after the EPA and State began their review), the EPA and State have not updated the district court about the status of their review.

The City's current stay on discovery in this citizen suit expired on January 31, 2020. (*See* Doc. 29.) A day before the stay expired, the City asked Bayou City Waterkeeper to agree to another extension of 60 days because "The United States and Texas are still completing their review of the comments to the settlement." *See* Exhibit 2 (Emails discussing extension). After Bayou City Waterkeeper asked follow-up questions, the City said it needed a longer 90-day extension, insisted the stay should remain in place even if the EPA and State completed their review during that time, and declined to give any other information. *Id.* With the City refusing to explain why a 90-day blanket stay was needed, Bayou City Waterkeeper opposed the motion. *See id.*

In its motion, the City simply refers to the EPA and State's continued review of public comments. (Doc. 31 at 2.) Because this falls short of establishing good cause supporting a 90-day blanket stay, the Court should deny the City's motion.

## II.     Statement of Issues to be Ruled Upon by the Court

The City's motion presents the Court with two issues:

(1) Whether the City has shown good cause for this Court to extend a stay on discovery and disclosures for a full 90 days (It has not.); and

(2) Whether a continued stay would prejudice Bayou City Waterkeeper's ability to proceed with its citizen suit, particularly if the EPA and State do not modify the consent decree in any way to address issues raised during the public comment process. (It will.)

## III.     Summary of Argument

A district court only may stay discovery "for good cause shown." FRCP 26(c). Citing the EPA and State's ongoing review of public comments submitted in November 2019, the City asks the Court to extend the stay for 90 more days and has insisted that the stay should remain in place—even if the EPA and State finish their review within the next 90 days and make no changes to the consent decree. The City offers no other basis for extending the stay.

Bayou City Waterkeeper opposes continuing a blanket stay on discovery because:

(1) The City has not offered facts to support good cause, including:

- why 90 more days (as opposed to some other time period) are needed to accommodate the EPA and State's review;

- why the stay should not lift sooner than 90 days if the EPA and State complete their review within that time period; and

- whether giving the EPA and State more time will result in any changes to the consent decree; and

(2) Delaying discovery any longer will prejudice Bayou City Waterkeeper's ability to proceed with this citizen suit if the EPA and State fail to address substantial problems with the consent decree raised during the public comment process.

## IV. <u>Argument</u>

1. <u>A stay is proper when the movant shows good cause and proves its interests outweigh the right of the respondent to obtain discovery.</u>

FRCP 26(c)(1) instructs: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by entering a stay on discovery. To show "good cause" under Rule 26(c), a movant may show "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *McAllen Anesthesia Consultants, P.A. v. United Healthcare Servs., Inc.*, No. 7:14-CV-913, 2015 WL 12839785, at *2 (S.D. Tex. July 17, 2015) (Alvarez, M.) (quoting FRCP 26(b)(2)(C)(iii)). A motion seeking protection from discovery must "'contemplate[] a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) (reversing grant of protective order governing depositions for failure to show good cause under FRCP 26(c)).

Some factors considered in meeting good cause include whether the length of the stay is appropriate, and the potential for prejudice to the opposing party posed by the stay. *See Vanderlan v. Jackson HMA, LLC*, No. 3:15-CV-767, 2017 WL 9360854, at *1 (S.D. Miss. Dec. 22, 2017) (granting stay only for a short period until the court ruled on a pending motion to dismiss). The movant's good cause, moreover, must outweigh the right of the opposing party to obtain information in discovery. *Landis v. North American Co.*, 299 U.S. 248, 254–255 (1936) (finding

court "must weigh competing interests and maintain an even balance"). The denial of a motion to stay discovery is reviewed for abuse of discretion. *Fujita v. U.S.*, 416 F. App'x 400, 402 (5th Cir. 2011).

   2. <u>The City has failed to show good cause sufficient to support a stay on discovery.</u>

The City has shown no cause, let alone good cause, for delaying this case further with another blanket 90-day stay. The City attempts to justify an extension by pointing to the EPA and State's continued review of public comments. But this review began more than three months ago. The City has offered no facts to support why 90 more days, as opposed to some shorter time period, are needed to complete this review. And the City does not explain the effect this continued review may have on this citizen suit or on the City's role in it, particularly given that Houston's City Council approved the consent decree and forfeited any right to make any changes in July 2019.

Further, the City has offered no reason for why the stay should remain in place if the EPA and State complete their review of public comments within that 90-day period. This falls short of showing good cause because the City merely offers a conclusory statement propounding the same reason for extending the stay as its first extension request in November. *See In re Terra Int'l, Inc.*, 134 F.3d at 306 (requiring specific reasons for imposing a stay on discovery, rather than conclusory statements); *see also McAllen Anesthesia Consultants, P.A.*, 2015 WL 12839785, at *2 (describing distinct instances in which a court could appropriately grant a stay on discovery).

   3. <u>Bayou City Waterkeeper will be prejudiced by a continued stay on discovery.</u>

The potential harm to Bayou City Waterkeeper and its members from continued delays in discovery weighs in favor of denying the City's motion. The thousands of Clean Water Act violations set forth in Bayou City Waterkeeper's amended complaint (Doc. No. 10) are ongoing, pose a threat to water quality and public health in the Houston area, and have caused and will

continue to cause significant damage to the waters that Bayou City Waterkeeper's members use and enjoy. (*Id.* at ¶ 4.)

By excluding Bayou City Waterkeeper from all negotiations, without allowing any discovery, the City has created a real concern that the consent decree was not the result of an adversarial relationship and not in the public interest. Indeed, as outlined in Bayou City Waterkeeper's public comments, the consent decree, on its face, does not address many of the causes at the root of the City's discharges of untreated sewage and neglects to confront a range of well-known inequities in the City's wastewater infrastructure. *See* Exhibit 1 at 11–17, 31–37.

Unless the EPA and State revise the current consent decree to accommodate these comments, further litigation of this citizen suit will be needed to avoid irreparable environmental injury to Bayou City Waterkeeper and its members' interests. *See Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 545 (1987) ("[e]nvironmental injury, by its nature... is often permanent or at least of long duration, i.e., irreparable." (quotations omitted) (abrogated in part on other grounds by *Winter v. Nat. Res. Defense Council*, 555 U.S. 7 (2008))). To identify and narrow the issues warranting further litigation, Bayou City Waterkeeper should be able to obtain initial disclosures from the City and begin discovery, which may be tailored to assess the sufficiency of the consent decree in resolving Bayou City Waterkeeper's claims under the Clean Water Act.

V.     Conclusion

Bayou City Waterkeeper asks the Court to deny the City's motion and allow discovery to move forward in this long-delayed citizen suit.

Date: February 21, 2020

/ / /

Respectfully submitted,

By: */s/ David Frederick*
David Frederick
Attorney-in-charge
Texas Bar No. 07412300
Eric Allmon, of counsel
Texas Bar No. 24031819
Lauren Ice, of counsel
Texas Bar No. 24092560
Frederick, Perales, Allmon & Rockwell, P.C.
1206 San Antonio St.
Austin, Texas 78701
Tel: 512-469-6000
Fax: 512-482-9346
dof@lf-lawfirm.com
eallmon@lf-lawfirm.com
lauren@lf-lawfirm.com
*Attorneys for Bayou City Waterkeeper*

Kristen Schlemmer, of counsel
Texas Bar No. 24075029
S.D. Tex. Bar No. 2078411
Bayou City Waterkeeper
2010 N. Loop West, Suite 103
Houston, TX 77018
Tel: 713-714-8442
kristen@bayoucitywaterkeeper.org
*Attorney for Bayou City Waterkeeper*

## Certificate of Service

I certify that on February 21, 2020, I electronically filed this Plaintiff Bayou City Waterkeeper's Response to Defendant City of Houston's First Amended Motion to Extend Discovery Stay and all attachments using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ David Frederick*
David Frederick
*Attorney for Bayou City Waterkeeper*