IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAYOU CITY WATERKEEPER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-3369 |
| | § | |
| CITY OF HOUSTON, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant City of Houston's First Amended Motion to Extend Discovery (Doc. No. 31). Plaintiff Bayou City Waterkeeper filed a response thereto (Doc. No. 33) and Defendant filed a reply (Doc. No. 34).

The Court stayed discovery in this case until January 31, 2020, pending the settlement in the related lawsuit filed against Defendant by the United States and the State of Texas. (*See* Doc. No. 29). *See also United States v. City of Houston*, No. 4:18-cv-3368 (S.D. Tex.) (the "United States' Lawsuit"). In the United States' Lawsuit, the State of Texas and the United States have formally lodged a Consent Decree containing the terms of the settlement. (*See* United States' Lawsuit at Doc. No. 27). The public comment period for that settlement concluded on November 8, 2019; Plaintiff filed a 56-page comment on that day. *See* 84 Fed. Reg. 54,181 (Oct. 9, 2019); *see also* Doc. No. 33, Ex. 1. Defendant claims that the United States and the State of Texas are continuing to review and respond to the comment made by Plaintiff and others. Thus, the settlement has not yet been approved. (Doc. No. 34 at 2).

Defendant requests the Court extend the stay until April 30, 2020. (Doc. No. 31). Plaintiff opposes that request because it argues that: (1) Defendant has not shown good cause for another three-month extension; and (2) Plaintiff is prejudiced by the extension. (Doc. No. 33). In its reply,

Defendant states that the extension is necessary for the parties in the United States' Lawsuit to properly respond to Plaintiff's own comments to the proposed consent decree. (Doc. No. 34).

Since the settlement will likely affect at least some of Plaintiff's claims in this case, the Court finds good cause to continue the stay of discovery. *See Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 528 (5th Cir. 2009) (finding that a citizen-suit plaintiff's claims were moot following the entry of a consent decree <u>unless</u> the citizen-suit plaintiff "proves that there is a realistic prospect that the violation alleged in its complaint will continue notwithstanding the consent decree."). Accordingly, Defendant's Amended Motion to Stay Discovery until April 30, 2020 (Doc. No. 31) is **granted**.

If the settlement in the United States' Lawsuit has not been finalized by that date, the parties may request an extension of the stay. The Court notes, however, that Defendant will need to provide greater detail in the future to justify further delays in discovery for this case.[1]

Signed at Houston, Texas, this 27th day of March, 2020.

Andrew S. Hanen
United States District Judge

---

[1] Plaintiff claims that this extension will cause it prejudice because "[u]nless the EPA and State revise the current consent decree to accommodate [Plaintiff's] comments, further litigation of this citizen suit will be needed to avoid irreparable environmental injury to [Plaintiff] and its members' interest." (Doc. No. 33 at 7). This argument seems to support, not detract from, the extension of stay pending the outcome of the United States' Lawsuit. Nevertheless, the Court recognizes that some discovery would assist Plaintiff in determining whether its alleged claims are moot or whether there is realistic prospect that Defendant's alleged violations will continue notwithstanding the consent decree.